Parker, 0. J.,
delivered the opinion of the Court.
*336 . The principal question in this case arises upon the construction of the deed of Joseph Russell to Benjamin Taler; in which he conveys a piece of land in what is now the town of New Bedford, bounding it southwardly and westwardly on a way or street. By this description the grantor and his heirs are estopped from denying that there is a street or way to the extent of the land on those two sides. We consider this to be not merely a descrip[*416] tian, but an implied * covenant that there are such streets. It probably entered much into the consideration of the purchase, that the lot fronted upon two ways which would be always kept open, and, indeed, could never be shut without a right to damages in the grantee or his assigns.
This doctrine does not seem to be disputed, so far as it is applied to the upland granted by the deed; but the application of it to that part of the lot below high-water mark is denied. There seems to be no reason for the distinction. The land below high-water mark, in commercial towns, is often as valuable as the upland, and the necessity of ways over it as apparent. There is nothing, therefore, in the nature or use of the property, which would tend to limit or restrain the effect of any covenants respecting ways.
There is, however, a reasonable principle, established by the decision in the case of Bullard vs. Dyson, 1 Taunt. 279, which goes to limit the construction of grants, as to ways supposed to be granted. It is that, when at the time of the grant there is a way, in fact, existing, which corresponds with the one mentioned in the deed, and this way does not extend through the whole line of the land granted, the parties shall be supposed to have had reference to such actually-existing way, as a boundary, as far as it extends; and not to have contemplated a way coextensive with the land. We admit this as a sound and useful principle in the construction of deeds and other conveyances.
It does not appear that this principle was advanced, in the trial of the present action; or that, if advanced, it was much relied on. There does not appear, by the report, to have been any evidence in the case which would have justified the application of the principle. Had there been evidence that, at the time of the execution of Russell’s deed, there was a way actually existing southward of the lot granted, which had been laid out to the bluff or high-water mark, and no farther, the defendants’ case would be [ * 417 ] * good, and a new trial ought to be granted. But there was no such evidence.

Judgment on the verdict.