Hillsborough,
No. 5535.

## Jules Gagnon & a. v. Bernard R. Moreau & a.

Argued November 2, 1966.
Decided January 27, 1967.

*Hamblett, Kerrigan & Hamblett* and *Robert W. Pillsbury* ( *Mr. Pillsbury* orally ), for the plaintiffs.

*Louis M. Janelle* ( by brief and orally ), for the defendants.

DUNCAN, J. Under date of June 13, 1958 the defendants conveyed to the plaintiffs by warranty deed " a certain tract or parcel of land with the buildings thereon situated on the East side of Mulvanity Street in Nashua, N. H., said tract being designated as Lot No. 4 on a plan of land entitled 'Plan of land of Henry Payeur, Allds and Mulvanity Streets, Nashua, N. H.' dated May 1953, G. R. Hyde, Surveyor, and recorded in Hillsborough County Registry of Deeds as Plan No. 898. "

The description of the tract so conveyed began " at a stone bound set on the easterly line of Mulvanity Street at the southwest corner of land formerly of Guerette and now or formerly of Ross, at the northwest corner of the premises herein described. " The description then proceeded: easterly " along said Ross land " 92 feet to a stone bound, southerly " along . . . Trombly land, " 65.6 feet to a stone bound, westerly " along " Lot No. 5 90.5 feet " to a stone bound on the easterly line of Mulvanity Street, " and thence " Northerly along the easterly line of said Mulvanity Street a distance of sixty ( 60 ) feet to the stone bound begun at, be all said measurements in accordance with said Payeur plan. "

The defendants acquired their title to the land by deed of Henry Payeur and wife dated October 8, 1953, which conveyed the premises by the same description. The building on the land was erected during the defendants' ownership.

The referee found that at the time of the conveyance the defendants had no interest in or title to the land lying west of the northerly 37 feet of the west boundary of the property conveyed to the plaintiffs, and that because this land was owned by Indian Head Millwork Corporation the defendants could convey no interest therein to the plaintiffs. He ruled that there was no implied covenant that the street existed along the frontage of the premises beyond a point twenty-three feet north of the southwest corner of the land conveyed.

The referee further ruled that there was no representation by the defendants, either orally or by the deed, that the street ran the entire length of the west boundary, and no duty on their part to inform the plaintiffs that it did not run beyond the twenty-three-foot mark; and that the defendants had no fraudulent intention in describing the premises in the deed. Accordingly he ruled that they committed no fraud or deceit.

The evidence was that Mulvanity Street had never been accepted as a street by the city of Nashua, and that it was paved for a distance of only twenty-three feet in front of the premises here involved. The referee found that there was " no indication of any roadway beyond the asphalt surface " and that the land north of the pavement was owned at the time of the conveyance by Indian Head Millwork Corporation.

It is familiar law that where lots are sold by reference to a recorded plat or plan showing existing or proposed streets which constitute boundaries of the lots, a conveyance ordinarily operates to convey to the grantee the fee simple to land underlying adjoining streets and rights of way to the center line thereof, together with easements to use such rights of way as well as others which do not bound the lot conveyed. *Douglass* v. *Company*, 76 N. H. 254; *Luneau* v. *MacDonald*, 103 N. H. 273; *Sawtelle* v. *Tatone*, 105 N. H. 398, 406, and cases cited. See also, 3 Tiffany, Real Property ( 3d *ed.* ) *ss.* 799, 800; 25 Am. Jur. 2d, Easements, and Licenses, *ss.* 25, 26; Annots. 46 A.L.R. 2d 461, 49 A.L.R. 2d 982.

The plaintiffs rely upon *Greenwood* v. *Wilton Railroad*, 23 N. H. 261, for the proposition that there was an implied covenant by the defendants that Mulvanity Street extended along the entire frontage of the lot. The referee ruled that there was no such covenant as to the northerly thirty-seven feet of the frontage since the defendants did not own the land west of that part of the frontage. The *Greenwood* case relied upon *Parker* v. *Smith*, 17 Mass. 411, which in turn supports the proposition that there can be no implied covenant unless the grantor owns the land where the proposed way is designated. Forty years after *Parker* v. *Smith, supra*, in *Howe* v. *Alger*, 4 Allen 206, it was pointed out that the doctrine of implied easements rests upon estoppel rather than covenant, and later Massachusetts decisions state that the principle of estoppel " seems to have become a rule of law rather than a mere canon of construction. " *Teal* v. *Jagielo*, 327 Mass. 156, 158; *Murphy* v. *Mart Realty of Brockton*, 348 Mass. 675.

The principle that implied easements do not rest upon implied covenant was recognized in this jurisdiction in *Douglass* v. *Company*, 76 N. H. 254, 256, where the court said: " The right [to use streets shown upon a plan] is not based upon a covenant that the ways exist. *Howe* v. *Alger*, 4 Allen 206. It arises merely by way of estoppel. " See also, *Nashua Hospital* v. *Gage*, 85 N. H. 335, 342.

Where the grantor does not own the land adjoining the boundary of the lot conveyed, no implied easement can arise by estoppel. Such an easement arises only to the extent that the grantor owns the land adjoining the boundary, and no farther. *Parker* v. *Smith, supra*; *Cole* v. *Hadley*, 162 Mass. 579. See *Greenwood* v. *Wilton Railroad*, 23 N. H. 261, 265, *supra*.

For reasons hereinafter discussed, we are of the opinion that a verdict was properly returned for the defendants upon the count in covenant, not because the evidence established that the defendants " had no interest " in the land adjoining the northerly thirty - seven feet of the westerly boundary as the referee found, but because the plaintiffs failed to produce evidence from which it could be found that the defendants had no implied easement in that land, so that none passed to the plaintiffs by the defendants' deed.

In finding for the defendants upon the count in deceit, the referee found and ruled that there had been no oral representation that the street extended for the full length of the frontage, and that the description contained in the deed was not a false and fraudulent representation. In so ruling, he pointed out that the description was the same as found in the earlier deed from the Payeurs to the defendants.

Here also, and regardless of whether the deed itself constituted a representation ( see *McCall* v. *Davis*, 56 Pa. 431, 434 ), we are of the opinion that the plaintiffs' case fails for lack of evidence that the defendants' deed to them did not convey an easement in the proposed street for the entire length of the west boundary. The referee found that at the time of the conveyance to the plaintiffs in 1958 the land abutting the northerly 37 feet was owned by Indian Head Millwork Corporation. No finding was made, and there was no evidence, concerning ownership of that land at the time of the conveyance in 1953 from the Payeurs to the defendants. The conveyance by the Payeurs, like the conveyance by the defendants, was by reference to the recorded plan of lots owned by Payeur. A portion of this plan, received in evidence, purports to show Mulvanity Street extending for the full length of the westerly boundary of lot No. 4.

There was no evidence to show whether or not in 1953 the Payeurs did or did not own the land west of this boundary which was designated as Mulvanity Street on the Payeur plan. Nor did an earlier plan received in evidence establish that they did not.

This was a plan of lots owned by Proctor Bros., Inc. recorded in 1930. It showed lots on the west side of Mulvanity Street, with frontage on the street south of a diagonal line across Mulvanity Street intersecting the west boundary of the land conveyed to the plaintiffs in 1958, at a point twenty-three feet north of its southwest corner. The 1930 plan did not purport to show Mulvanity Street north of this diagonal line, or to be a survey of any land north of that point, or of the lots shown on the Payeur plan, although it included lots south of the Payeur lots on the same side of the street.

The natural import of the portion of the Payeur plan received in evidence was that the full length of the westerly boundary of the land which the Payeurs conveyed to the defendants in 1953 abutted a street known as Mulvanity Street. If the locus of the proposed street was then owned by the Payeurs, the defendants acquired an easement in the way by implication, which was conveyed to the plaintiffs in 1958 as an appurtenance to the lot conveyed. *Casella* v. *Sneierson*, 325 Mass. 85; *Olson* v. *Arruda*, 328 Mass. 363. If the Payeurs did not own the land in 1953, then no implied easement arose.

It was incumbent upon the plaintiffs, in support of their count in deceit, to prove the falsity of the representations upon which they claimed to have relied. *Baranowski* v. *Linatsis*, 95 N. H. 55, 57; *Connelly* v. *Brown*, 73 N. H. 193, 194. No evidence to warrant a finding that the Payeurs did not own the adjoining land in 1953 is to be found in the record. Although the finding that the land belonged in 1958 to Indian Head Millwork Corporation appears not to be disputed, that finding does not settle the question of whether the title of the corporation was subject to an easement of a right of way in favor of the lot conveyed to the plaintiffs.

In these circumstances, we find it unnecessary to determine whether the referee properly ruled that the description in the deed to the plaintiffs was not a false and fraudulent representation ( see *Fisher* v. *Hurley*, ( N.J. Ch. ) 100 Atl. 566 ), or whether the finding that the plaintiff Jules had actual notice that the street ended where the pavement stopped precludes recovery. See *McCleary* v. *Lourie*, 80 N. H. 389; *Sanborn* v. *Keroack*, 103 N. H. 297, 301. If there was a representation that the proposed street extended along the entire frontage of the property conveyed, the plaintiffs failed to show that the representation was false, and

512

the referee found that it was not made with fraudulent intent. Since the record supports the verdict for the defendants, the order is

*Exceptions overruled.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.