CHARLES A. OLSON, MARGARET L. OLSON, RODERICK ELLIS, INGRID O. ELLIS, Plaintiffs

v.

M. JOHN MEE, CHRISTINE O. MEE, Defendants

Civil No. 353-1970

District Court of the Virgin Islands

Division of St. Croix

August 10, 1971

RUSSELL B. JOHNSON, ESQ., Christiansted, V.I., *for the plaintiffs*

ISHERWOOD & COLIANNI, ESQS., Christiansted, V.I., *for the defendants*

CHRISTIAN, *Chief Judge*

OPINION

This case concerns a claimed easement in a cul-de-sac or circular court, bordering the property of the plaintiffs and defendants.

In 1965, Jose Bermudez Heyliger and wife subdivided several plots of land owned by them in Estate LaGrande Princesse, St. Croix. In connection with the subdivision, they prepared and filed with the Planning Board a plot or subdivision plan as was required by local statute. 29 V.I.C. § 275 amended Sess. L., 1969, No. 2439. This plan, an exhibit in the case, is titled Public Works Drawing No. 1766, dated June 24, 1965. There appears in the subdivision plan several roadways including one which ends in a cul-de-sac, of a 30 feet radius bordering on lots 80-F, 80-G, 80-H and 81-G, Estate LaGrande Princesse.

In February, 1968, Heyliger, by warranty deed, conveyed to Roderick & Ingrid O. Ellis, plot 81-G, "as shown on Public Works Drawing No. 1766, page 1766, dated June 24, 1965." The deed recites that the conveyance is subject to the covenants and restrictions contained in an earlier deed

from Heyliger to one Rohlsen. Among the covenants found in the Rohlsen deed is one which reads:

"All owners of plots in this subdivision shall have a perpetual easement over and upon all roadways as constructed, located or relocated by the Grantors."

In April, 1968, the Olsons received a deed to plot No. 80-G essentially similar to the Ellis deed.

In January, 1969, the defendants, John and Christine Mee took from Heyliger, a deed to Plot No. 80-F, again essentially similar to that of the Olsons and Ellises. Each of the plaintiffs and defendants were granted easements in all "roadways as constructed, located, or relocated by the Grantor", and the deed of each was granted with reference to the subdivision plan.

In July, 1969, defendants were issued a building permit for the construction of a residence on Plot No. 80-F. The plans which were approved by the Public Works Department depicted one side of the house contiguous to the circumference of the cul-de-sac, that is 30 feet from the center of the cul-de-sac. As constructed, however, the point of the house closest to the center of the cul-de-sac is 14.63 feet from the center. Defendant, John Mee admits that a substantial portion of his house lies within the 30 feet radius of the cul-de-sac as shown on PWD Drawing No. 1766. He explains that a mistake was made in surveying the location of the house which resulted in placing the house about 15 feet closer to the center of the cul-de-sac than was contemplated by the plans submitted to the Public Works Department. Mr. Mee is, himself, an engineer.

■■ Prior to the construction of the Mee's house, Heyliger has roughly opened the road leading to the cul-de-sac and had cut a portion of the cul-de-sac. Mr. Heyliger testified that he cut the cul-de-sac to only about one-half of the dimension of the subdivision plan because the grade of the land and a nearby drop off made construction of the

cul-de-sac to its full dimensions difficult. He stated that he never intended to construct the cul-de-sac to its full dimension. The Court received evidence to the effect that the cul-de-sac could be expanded to a 30 feet radius if the grade were lowered and the drop off were filled. Whatever the expense of finishing the cul-de-sac as planned, the plaintiffs have easements, derived from two sources, which have been encroached by the defendants.

First, the plaintiffs have an express easement in the cul-de-sac as it is now located on the premises. This easement is derived from the deed. Defendants have encroached several feet into the cul-de-sac and for this encroachment the plaintiffs would be entitled to at least nominal damages.

In addition, the plaintiffs have an equitable easement by implication in the cul-de-sac as described in the Public Works Drawing No. 1766. No Virgin Islands statute governs the effect of providing roadways in a subdivision plan, but it is a well accepted rule of equity that where property is sold with reference to a plot or map, an easement is implied in the existing or proposed roadways described therein. Gagnon v. Moreau, 107 N.H. 507, 225 A.2d 924 (1967). Though there are variations in the application of the rule to non-abutting property owners or the public at large, the narrowest expression of the rule would recognize an easement for the benefit of abutting property owners as in the case now before the Court. See Annotation 7 A.L.R.2d 207. The law governing this case was stated in Smith v. de Freitas, 329 F.2d 629, 633 (3d Cir. 1964);

"For under the common law when land is conveyed by a description which refers to a plan or map on which an abutting way is shown an easement therein is implied in the conveyance and deemed a part of the property to which the grantee is entitled, and neither the grantor nor any person claiming under him may repudiate the easement or deny that it exists, if it is capable of existence." (citations omitted.)

257

I find that an easement in the cul-de-sac of a full 30 feet radius is capable of existing. I further find that defendants' house substantially encroaches on the cul-de-sac.

Plaintiffs have requested an injunction restraining defendants' encroachment as well as punitive damages. The complaint does not request compensatory damages or other relief generally. I think that the equitable principle that governs the Court's exercise of its injunctive powers does not warrant the issuance of an injunction in this case. To enjoin the defendants' encroachment would be to order a substantial portion of their house destroyed. On the other hand, defendants' encroachment, while impairing the value and use of plaintiffs' easement, does not prevent their property from being used for the purposes intended. Even with the encroachment of 15 feet, the proposed cul-de-sac will have a diameter of 45 feet at its narrowest point. This is adequate for use as parking space and courtyard. Moreover, there is no assurance that the cul-de-sac will ever be developed for its intended use. Each of the properties abutting the cul-de-sac have alternative approaches and there is substantial expense involved in completing the cul-de-sac. If it is developed, the testimony showed that the defendants would have to secure their foundation. In sum, the injury that defendants would suffer from the granting of an injunction so outweighs the damages that plaintiffs will suffer if the injunction is not granted that equity will not tolerate the issuance of an injunction in this case. "Where substantial redress can be afforded by the payment of money and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable relief may be denied although the nuisance is indisputable." Harrisonville v. W. S. Dickey Clay Mg. Co., 289 U.S. 234, 238 (1933) (Action to Enjoin Pollution of Stream).

■ This Court is not bound by the pleadings in awarding judgment. Rule 54(c) of the Federal Rules of Civil Procedure states:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

■ Plaintiffs offered no proof of special damages they have incurred from defendant's encroachment. I find, however, that the Olsons and the Ellises are each severally entitled to nominal damages in the amount of $500.00. I further find that the defendant's misplacement of his house was so grossly negligent as to justify an award of punitive damages. I find, therefore, that the Olsons and the Ellises are each severally entitled to punitive damages in the amount of $4,000.

Accordingly, judgment will be entered in behalf of Charles A. and Margaret L. Olson in the amount of $4,500.00, and judgment will be entered in behalf of Roderick and Ingrid O. Ellis in the amount of $4,500.00, with costs and attorney's fees for all plaintiffs in the amount of $500.00.