Hillsborough
No. 79-387

## 700 LAKE AVENUE REALTY CO.

v.

## GERHARDUS J. DOLLEMAN & a.

August 5, 1981

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Daniel W. Sklar* on the brief and orally), for the plaintiff.

*Christy & Tessier* and *William E. Brennan*, of Manchester (*Thomas Tessier* and *Mr. Brennan* on the brief, and *Mr. Brennan* orally), for the defendants.

BROCK, J.  This case involves a dispute between the abutters to a thirty-foot-wide passageway running east and west between Mammoth Road and Tarrytown Road in Manchester. The plaintiff sought a right of equal access to use the passageway, whereas the defendants and cross-petitioners moved for a declaration of title in fee simple by adverse possession. The Master (*Peter J. Bourque,* Esq.) recommended, and the Superior Court (*Contas,* J.) ordered,

that the title vest in the defendants by right of adverse possession. We reverse and remand.

Until November 25, 1922, Robert I. Stevens owned a large parcel of land in Manchester, which was bounded by Tarrytown Road, Hanover Street, Mammoth Road, and Lake Avenue, and which was bisected by a thirty-foot-wide passageway which ran east and west between Mammoth Road and Tarrytown Road. On that date Mr. Stevens conveyed a portion of this property which was located north of the passageway to Charles M. Nute. On September 9, 1971, Joseph F. McArdle, Jr., one of the defendants in this action, acquired title to this portion from Arthur J. and Irene G. Gelinas, who we must assume, absent any evidence in the record, acquired their interest from Mr. Nute. All deeds in this chain of title described the property by reference to the thirty-foot-wide passageway.

On April 21, 1923, Mr. Stevens conveyed another portion of his property, which was located to the north of the passageway and which was adjacent to the parcel he conveyed in 1922, to Frederick A. Keuhn, Jr. On January 12, 1952, Gerhardus J. and Beverly R. Dolleman, defendants in this case, acquired title to this parcel from Mr. Keuhn. All deeds in this chain of title, that were recorded, also described the conveyed parcel by reference to the adjoining passageway.

The plaintiff, 700 Lake Avenue Realty Co., acquired the parcel south of the passageway through a chain of conveyances that originated from Mr. Stevens. All deeds in this chain made reference to the passageway in describing the parcel and also to a plan of the original Stevens parcel dated May 1911. The master found that the plaintiff presently is using the southern parcel for a commercial office building, but that prior to such use there was a private home on the property. Behind the house there was a large barn, the rear door of which fronted the passageway. The master further concluded that "[c]ertain uses of the barn were made by the predecessors in title to the . . . [plaintiff] which would involve the use of the rear door of the barn, together with use of at least portions of the 30 foot passageway." The master found, however, that "the uses which were made of the barn which occasioned the use of the passageway were primarily for storage purposes and were at best, of a sporadic nature."

The parties stipulated that Mr. Stevens never conveyed the passageway during his lifetime and that, at his death, the title to this property vested in his residuary legatees, the Young Men's Christian Association of Manchester and the Young Women's Christian

Association of Manchester. The master found that "[t]here was no evidence of any use made of the passageway by the residuary legatees since the death of Robert I. Stevens."

The master found that the defendants and their predecessors in title had used the entire passageway "from at least 1947 and possibly earlier." The evidence disclosed that the defendants had maintained the passageway, had cleared it of snow, and had used it as passage and parking space for their motor vehicles. He concluded that the defendants had "sustained their burden of proving 20 years adverse, continuous, uninterrupted use in such a manner that gave notice to the record owners that an adverse claim was being made."

The court decreed that the Dollemans and McArdle are the owners in fee simple of that portion of the passageway abutting their respective parcels. The court also found that the evidence did not support a claim that the plaintiff had adversely possessed the passageway against the interest of the residuary legatees and did not establish an easement arising by implication. The sporadic use of the passageway by the plaintiff and its predecessors in title, likewise, did not support a finding of a right of way by prescription.

■ Based on two arguments that are grounded in the language of the deeds and the circumstances surrounding the original grantor's conveyances, the plaintiff claims it has an interest in the passageway. First, the plaintiff claims to be the actual owner of the fee which extends to the centerline of the passageway, conceding that the defendants hold the fee interest in the other half of the passageway that abuts their respective properties. We do not consider this argument because it is clearly contradictory to the intention of the stipulation agreed upon by the parties that the passageway vested in the residuary legatees upon the death of the common grantor. *See Kilroe v. Troast*, 117 N.H. 598, 600–01, 376 A.2d 131, 132–33 (1977). We restrict our inquiry, therefore, to the plaintiff's argument that, absent a fee interest, it has an implied easement to use the passageway along with the defendants.

The plaintiff specifically claims that an implied easement to use the thirty-foot-wide passageway runs with all three of the parcels involved here because all of the deeds from the original grantor and, similarly, all other deeds in the pertinent chains of title referred to the existence of the passageway in defining the properties conveyed, *see Haserick v. Company*, 77 N.H. 121, 123, 88 A. 998, 999 (1913); *Greenwood v. The Wilton Railroad*, 23 N.H. 261, 265 (1851), and because the locus of the passageway is identical to

the one contemplated by the original grantor. *Haserick v. Company*, 77 N.H. at 123, 88 A. at 999.

■ "Where property is conveyed in a deed and one or more of the calls is an abuttal on a private way there is a grant or at least a presumption of a grant of an easement in such way when the way is owned by the grantor." 2 G. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 360, at p. 378 (1980 repl.) (hereinafter THOMPSON); *e.g.*, *McAndrews v. Spencer*, 447 Pa. 268, 270–71, 290 A.2d 258, 259 (1972); *Spangler v. Schaus*, 264 A.2d 161, 164 (R.I. 1970); *Robertson v. Robertson*, 214 Va. 76, 79, 197 S.E.2d 183, 186 (1973); 3 R. POWELL, THE LAW OF REAL PROPERTY, para. 409 (1979) (hereinafter POWELL). This rule of law has been recognized in this State since at least 1851. *Greenwood v. The Wilton Railroad*, 23 N.H. 261, 265 (1851). It is of no consequence that the fee to the roadway or passageway remains in the hands of the original grantor or his assigns, *see McAndrews v. Spencer*, *supra* at 271, 290 A.2d at 258–59, or that the grantor did not intend to grant an easement, *see id.*, or that the easement is not one of necessity, *see Spangler v. Schaus*, *supra* at 165–67, because the grantor, and all claiming under him, are estopped by deed from denying such an easement exists. *Greenwood v. The Wilton Railroad*, *supra* at 265; 28 C.J.S. *Easements* § 40 (1941).

■ It must be emphasized that this is a case where the face of the deed itself represents that the conveyed parcel borders on a way. It is not a case where the deed only refers to a plan which in turn indicates the existence or planned construction of streets and ways as was the case in *Regan v. Hovanian*, 115 N.H. 40, 41, 332 A.2d 177, 178 (1975) and *Douglass v. Company*, 76 N.H. 254, 256, 81 A. 1086, 1087 (1911). Although both situations appear similar, they involve two distinct rules of law that are discussed as different categories by the various authorities. *See* 3 POWELL, para. 409; *compare* 2 THOMPSON § 359 *and* § 360; 28 C.J.S. *Easements* § 39 *and* § 40 (1941). Care should be taken not to confuse the two, because in one instance the deed itself represents the street exists, and in the other the representation takes place outside the four corners of the deed. Such a distinction was only recently made by this court in *Arnold v. Chandler*, 121 N.H. 130, 428 A.2d 1235 (1981), in which we held that if restrictions appear on the face of the deed, they may be enforced as covenants, but if they appear outside the deed, an equitable servitude might result depending on the grantee's awareness of the restrictions. *Id.* at 134, 428 A.2d at

1237. Our focus, therefore, is on the deed and what is contained within its four corners.

■ In *Greenwood v. The Wilton Railroad*, the use of a way as a boundary in the deed operated as an estoppel against the grantor's denying the grantee's right to use the way. 23 N.H. at 265; *see* 28 C.J.S. *Easements* § 40, at p. 706 (1941). Such an estoppel is one by deed, *id.*, because the deed on its face makes either an express grant or one arising by necessary implication and prevents the grantor from denying the representation made. *See id.* The use of the term "estoppel" is an unfortunate one, however, because there are four different types of estoppel that may affect rights to real property: estoppel by records, by deed, and by recitals in instruments and estoppel in pais (equitable estoppel). 5 THOMPSON § 2520, at p. 507. As we will discuss, the tendency to speak of an estoppel in generic terms has caused some confusion. Indeed, at least one commentator has criticized the practice of describing implied easements by reference to "estoppel" as being "neither accurate nor useful. . . . " 3 POWELL, para 409 at p. 34–53.

■ Sixty years after *Greenwood* was decided, this court addressed the situation of a deed referring to a plan that showed streets abutting the deeded parcel. *Douglass v. Company*, 76 N.H. 254, 81 A. 1086 (1911). The deed itself described the lot by courses and distances and made no mention of the ways within the four corners of the deed. *Id.* at 255, 81 A. at 1086–87. Addressing itself to that situation, the court stated that the right of the grantee to use the streets shown on the plan is not based on a covenant, but arises "merely by way of estoppel." *Id.* at 256, 81 A. at 1087. The estoppel referred to in *Douglass* is equitable estoppel (estoppel in pais) because the court was concerned with a purchaser who purchased the lot relying on the recorded plan, and the court decided it would be *"fraudulent* on the part of the vendors to revoke their agreement by changing or abolishing the location of the streets laid down on their recorded plan, with reference to which their sales and conveyances had been made." (Emphasis added.) *Id.* at 256, 81 A. at 1087 (quoting *Walker v. Manchester*, 58 N.H. 438, 441 (1878)).

*Douglass* does not alter the law in regards to deeds that specifically use a street or way as a boundary as it was articulated in *Greenwood*. Indeed, *Douglass* never referred to *Greenwood* because two different doctrines of law and estoppel were involved. That distinction, however, was lost in another case decided fifty-six years after *Douglass*.

In *Gagnon v. Moreau*, 107 N.H. 507, 225 A.2d 924 (1967), this court was confronted with a deed that not only referred to a plan which showed a street, but also used the street as a boundary. *Id.* at 508, 225 A.2d at 925. While *Gagnon* did not attempt to differentiate between the two rules of law in *Greenwood* and *Douglass*, it did point out that estoppel has an important part in determining whether an easement exists. *Gagnon* did not, however, attempt to identify whether it was proceeding on an estoppel by deed situation, as articulated in *Greenwood*, or on an equitable estoppel theory as mandated in the case of a deed referring to a plan, as in *Douglass*. The reason that *Gagnon* did not elaborate on that point was because the grantor did not own the way that was described in the deed to his grantee and obviously no express or implied easement in the way could be granted by him. Indeed, *Gagnon* recites the rule of implied easements that was announced in *Greenwood* with approval. "Where the grantor does not own the land adjoining the boundary of the lot conveyed, no implied easement can arise by estoppel. Such an easement arises only to the extent that the grantor owns the land adjoining the boundary and no farther." *Gagnon v. Moreau, supra* at 510, 225 A.2d at 926 (citing *Greenwood v. The Wilton Railroad*, 23 N.H. at 265 (other citations omitted)).

In the present case, the original grantor owned the passageway when he deeded the lot to the plaintiff's predecessors in title. Therefore, under *Greenwood*, *Douglass* and *Gagnon* "an easement arises . . . to the extent that the grantor own[ed] the land . . . " under the passageway. *See Gagnon v. Moreau, supra* at 510, 225 A.2d at 926. Only the nature of the estoppel to be applied remains to be determined.

In *Gagnon*, the trial court found that there was no *representation by the deed* that the street in question ran the distance being claimed by plaintiff Gagnon. *Gagnon v. Moreau, supra* at 508, 225 A.2d at 925. More emphasis was placed upon what was represented in the plan, *id.* at 510–11, 225 A.2d at 926–27, but this court ruled that, because the plaintiff Gagnon never established at trial whether the defendant grantors owned or did not own the land in question, it was unnecessary to determine whether the deed itself was false. *Id.* at 511–12, 225 A.2d at 926–27. *Gagnon*, therefore, is not a clear declaration of which estoppel should be applied when the deed represents a way exists and the grantor owns the way and uses it in his description. *Gagnon* never reached that issue because the grantor did not own the disputed way. *Greenwood*, therefore, is the only New Hampshire case clearly on point and it has never been specifically overruled.

■ Therefore, we are confronted with the situation in which a deed uses a way as a boundary and the grantor owns the way. An implied easement has therefore been created. *Greenwood v. The Wilton Railroad,* 23 N.H. at 265. Because the necessary implication contained by that description appears on the very face of the grantor's deed, he, and all parties in privity with him, are estopped to deny that grant. *Id.; see Van Rensselaer v. Kearney,* 52 U.S. 297, 325 (1850); 5 THOMPSON § 2522; 28 C.J.S. *Easements* § 40 (1941).

■ ■ Similarly, because the predecessors in title to lots now owned by the defendants Dolleman and McArdle received deeds that also described the property by referring to the passageway, they too have an implied easement to use the passageway. These defendant predecessors in title also were granted the lots after the common grantor deeded the lot to the plaintiff's predecessor in title, and therefore, the defendants are estopped to deny the plaintiff's easements because they claim under the original grantor. *Greenwood v. The Wilton Railroad,* 23 N.H. at 265.

■ ■ The defendants claim that the plaintiff's right to use the easement has been extinguished because the defendants have acquired title to the passageway by means of adverse possession. An implied private easement may indeed be lost by adverse possession. *Mumaw v. Roberson,* 60 So.2d 741, 743 (Fla. 1952); 2 THOMPSON § 440, at p. 715. In order to extinguish the plaintiff's easement, however, the defendants were required to demonstrate that their use was adverse to the *plaintiff's* right to use it. 3 POWELL, para. 424. The fact that the defendants have demonstrated that their use was adverse to the *owners of the fee* does not prove that their use was adverse to the plaintiff. *See Regan v. Hovanian,* 115 N.H. 40, 43, 332 A.2d 177, 179 (1975); *Rosenblatt v. Kizell,* 105 N.H. 59, 62, 192 A.2d 613, 615 (1963).

■ While the trial court correctly recognized this point, it had previously erred when it ruled that the plaintiff did not have an implied easement to use the passageway. Ordinarily, we would remand the case for the trial court to consider whether the plaintiff's easement was actually terminated by adverse possession. In this case, however, the master found that the plaintiff had used the easement on a sporadic basis. Obviously, whatever use the defendants had made of the passageway remained compatible with the existence of the plaintiff's easement, and the easement has therefore not been extinguished. *See* 3 POWELL, para. 424. Accordingly,

we remand this case to the superior court to issue an order consistent with this opinion.

*Reversed and remanded.*

KING, C.J., and BATCHELDER, J., did not sit; BOIS, J., dissented; DOUGLAS, J., concurred.