NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2019-0107

THOMAS J. LOEFFLER

v.

PAUL BERNIER

Argued: January 14, 2020
Opinion Issued: March 31, 2020

Beaumont & Campbell, Prof. Ass'n., of Salem (Bernard H. Campbell on the brief and orally), for the plaintiff.

Bernstein, Shur, Sawyer & Nelson, P.A., of Manchester (Roy W. Tilsley, Jr. and Brett W. Allard on the brief, and Mr. Tilsley orally), for the defendant.

HANTZ MARCONI, J. The defendant, Paul Bernier, appeals two orders of the Superior Court (Wageling, J.) granting partial summary judgment to the plaintiff, Thomas J. Loeffler, and denying the defendant's subsequent motion for reconsideration. The court ruled that the defendant was estopped by deed from denying that the plaintiff had an implied easement to access a right-of-way located on the defendant's property from a specific point on the plaintiff's property. The court also denied the defendant leave to raise new arguments at the reconsideration stage asserting that the plaintiff had abandoned any implied easement and, alternatively, that the purpose of any implied easement had been frustrated. The defendant appeals both rulings. We affirm.

The trial court determined that the following relevant facts were undisputed for purposes of ruling upon the plaintiff's motion for partial summary judgment. The plaintiff and defendant each own land that once belonged to Ernest Pillsbury. By 1968, Pillsbury had subdivided a portion of his land into thirteen lots. Six of those lots were positioned immediately adjacent to a right-of-way, which ran through Pillsbury's property from Pillsbury Road to Pillsbury's home. Those six lots are depicted on a 1968 subdivision plan as Lots 21, 23, 25, 27, 29, and 31. Although Lot 21 also has frontage on Pillsbury Road, Lots 23, 25, 27, and 29 do not. Those lots share boundaries with other lots and the right-of-way.

The plaintiff is the current owner of a portion of Lots 21 and 23, and all or nearly all of Lots 25, 27, and 29. At the time Pillsbury first carved out the plaintiff's lots, Pillsbury owned the land underlying the right-of-way. The deed for Lot 29, which was the first of the plaintiff's lots to be conveyed by Pillsbury, partially described the lot as "proceeding along Lot No. 31 a distance of one hundred twelve and six tenths (112.6) feet to the Westerly side line of a twenty-foot right of way; thence turning . . . and proceeding along Westerly side line of said right of way a distance of fifty feet . . . ." This deed also "conveyed, as appurtenant to and to be used in connection with the above described premises a right of way over other lands of the above grantors to [Pillsbury Road], for all necessary purposes of entrance and exit to the conveyed premises . . . ."

In 1966, Pillsbury conveyed Lot 27 to the then-current owner of Lot 29. The corresponding deed to Lot 27 described the lot, in part, as "[b]eginning at a stake located at the Northeasterly corner of the conveyed premises at the Southwesterly side of a 20 foot Right of Way . . . ; thence Southeasterly Fifty (50) feet by said 20 foot Right of Way to a stake at Lot #25 . . . ." Finally, in 1968, Pillsbury simultaneously conveyed Lots 21, 23, and 25 to two persons, portions of which are now owned by the plaintiff. The corresponding deed described these lots, in part, as

> turning and running in a Northeasterly direction along Lot #27 . . . for a distance of 112.60 feet to a 40 foot right of way and the Easterly corner of Lot #27 . . . ; thence turning and running in a Southeasterly direction along the 40 foot right of way for a distance of 150 feet, more or less, to the intersection of said 40 foot right of way and said Pillsbury Road at the said stone wall; thence turning and running in a Southwesterly direction along said Pillsbury Road . . . .

In January 2018, the plaintiff initiated this action seeking declaratory and injunctive relief, damages, and attorney's fees. Arguing that he benefitted from an easement over the right-of-way, he sought to enjoin the defendant from interfering with his ability to access the right-of-way. The plaintiff later moved

for partial summary judgment on the basis that there were no genuine disputes of material fact with respect to his right to access the right-of-way from a proposed access point on Lot 21. The defendant objected. After a hearing, the trial court granted the plaintiff's motion for partial summary judgment. Applying the doctrine of estoppel by deed, and relying upon the decision in 700 Lake Avenue Realty Co. v. Dolleman, 121 N.H. 619 (1981) (2-1 decision), the court ruled that the defendant was estopped from denying that the plaintiff had an implied easement to access the right-of-way from the proposed access point on Lot 21 "because Pillsbury defined Lots 21, 23, and 25 by using the right-of-way 'as a boundary in the deed' at a time when he owned the right-of-way." (Quoting Dolleman, 121 N.H. at 624.)

The defendant filed a motion to reconsider, seeking leave to raise new arguments as to why the plaintiff did not have an implied easement to access the right-of-way. The defendant asserted that he should be permitted to raise new arguments that the plaintiff had abandoned any implied easement and that the purpose of any implied easement had been frustrated because, while the plaintiff had argued he had the right to access the right-of-way, he did not specifically contend that he had this right based upon estoppel by deed. The court denied the defendant's request to raise these new arguments. Pursuant to Superior Court Rule 46(c), the trial court then directed that its order granting partial summary judgment be treated as a final decision on the merits. This appeal followed.

The defendant contends on appeal that the trial court erred in ruling that Lot 21 benefits from an easement over the right-of-way via estoppel by deed. According to the defendant, the original grantee of Lot 21 could not have "reasonably expected" to receive an easement over the right-of-way despite the fact that the deed to the lot used the right-of-way as a boundary in describing the lot's dimensions. The defendant also contends that the court erred in declining to address his arguments raised for the first time in his motion for reconsideration. We address these issues in turn.

In reviewing the trial court's grant of summary judgment, we consider the affidavits, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party. Town of Barrington v. Townsend, 164 N.H. 241, 244 (2012). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

We have previously recognized that "[w]here property is conveyed in a deed and one or more of the calls is an abuttal on a private way there is a grant or at least a presumption of a grant of an easement in such way when the way is owned by the grantor." Dolleman, 121 N.H. at 623 (quotation omitted); see also Greenwood v. The Wilton Railroad, 23 N.H. 261, 265 (1851). In those

3

circumstances, "the grantor, and all claiming under him, are estopped by deed from denying such an easement exists," and "[i]t is of no consequence that the fee to the [private way] remains in the hands of the original grantor or his assigns, or that the grantor did not intend to grant an easement, or that the easement is not one of necessity." Dolleman, 121 N.H. at 623 (citations omitted); see also Melrose Fish v. Tennessee Gas Pipeline, 52 N.E.3d 1089, 1093 (Mass. App. Ct. 2016) (noting that this principle of estoppel by deed "'seems to have become a rule of law rather than a mere canon of construction'" (quoting Murphy v. Mart Realty of Brockton, Inc., 205 N.E.2d 222, 225 (Mass. 1965)). "Such an estoppel is one by deed because the deed on its face makes either an express grant or one arising by necessary implication and prevents the grantor from denying the representation made." Dolleman, 121 N.H. at 624 (citation omitted).

Here, the plaintiff's motion for partial summary judgment sought to establish that he was entitled to access the defendant's right-of-way from a specific point on Lot 21. The 1968 deed that simultaneously conveyed Lots 21, 23, and 25 described these lots, in part, as "running in a Southeasterly direction along the 40 foot right of way for a distance of 150 feet . . . to the intersection of said 40 foot right of way and said Pillsbury Road . . . ." Pillsbury owned the right-of-way at the time he conveyed the deed. Thus, "we are confronted," as we were in Dolleman, "with the situation in which a deed uses a way as a boundary and the grantor owns the way." Id. at 626. "An implied easement has therefore been created," and "all parties in privity with [the original grantor] are estopped to deny" the easement's existence.[1] Id.

The defendant nevertheless argues that the trial court erred in granting partial summary judgment to the plaintiff. The defendant contends that the doctrine of estoppel by deed is based in part upon the grantee's reasonable expectations, and the original grantees of Lots 21, 23, and 25 could not have reasonably expected to receive an easement over the right-of-way because (1) Lot 21 fronts Pillsbury Road, which is a public way, and (2) Pillsbury included an express easement to access the right-of-way in the deed for Lot 29 but did not do so in the deed for Lots 21, 23, and 25. The defendant's arguments are unpersuasive.

The defendant cites our opinion in Dolleman for the proposition that he is not estopped from denying the existence of the easement if "it can be shown that the grantee did not reasonably expect to receive an easement." Dolleman does not support this proposition. In Dolleman, the plaintiff acquired a parcel of land south of a passageway that ran between two public roads. See Dolleman, 121 N.H. at 621. All of the deeds in the plaintiff's chain of title made reference to the passageway in describing the parcel, and the original grantor

---

[1] The defendant does not dispute that he is in privity with the original grantor of Lots 21, 23, and 25.

4

of the parcel owned the passageway when he deeded it to the plaintiff's predecessors in title.  Id. at 621, 625.  It was for these reasons that we held in Dolleman "an implied easement ha[d] . . . been created," and the defendants, being in privity with the original grantor of the plaintiff's parcel, were estopped from denying the easement's existence.  Id. at 626.  Nowhere in our discussion of the contours of estoppel by deed, or in our application of it to the facts of the case, did we suggest that the doctrine turned upon the reasonable expectations of either the grantor or the grantee separate from those arising from the deed's use of the right-of-way in describing the property's boundaries.  On the contrary, we specifically noted that "[i]t is of no consequence . . . that the grantor did not intend to grant an easement, or that the easement is not one of necessity."  Id. at 623 (citation omitted); cf. Trachy v. LaFramboise, 146 N.H. 178, 185 (2001) (Smith, J., superior court justice, specially assigned under RSA 490:3, dissenting) ("There are two sorts of what has been termed "estoppel by contract," namely, (1) estoppel to deny the truth of facts agreed upon and settled by force of entering into the contract, and (2) estoppel arising from acts done under or in performance of the contract.  The first form of estoppel, if the contract is in writing, is analogous to certain phases of estoppel by deed.'" (quoting In re Schofield's Estate, 73 P.2d 1381, 1383 (Colo. 1937)); In re Schofield's Estate, 73 P.2d at 1383 (noting that this form of estoppel by deed "is wholly based on a written instrument").

Nevertheless, there is some support from commentators and other jurisdictions for the defendant's proposition.  See, e.g., Restatement (Third) of Property: Servitudes § 2.13 & cmt. a, at 172-73 (2000) (stating that a "description of the land conveyed [in a deed] that uses a street, or other way, as a boundary implies that the conveyance includes an easement to use the street or other way," but noting a basis for this rule is "the assumption that . . . the grantee reasonably expects to receive" use rights in the way used as a boundary); Brennan v. Salkow, 955 N.Y.S.2d 656, 657 (App. Div. 2012) ("[A] deed describing the land being conveyed as bounded by a road owned by the grantor creates an easement by implication in that road, unless the intention of the parties is to the contrary, based on the circumstances." (quotations and citation omitted)).  There is also support in our caselaw for the notion that a grantee's reliance is relevant to the applicability of estoppel by deed in contexts that do not involve the creation of implied easements.  See Kirkpatrick v. Jones, 122 N.H. 438, 439-40 (1982) (reliance is relevant when establishing a disputed boundary by estoppel by deed); see also Trachy, 146 N.H. at 183 (2-1 decision).  However, even if we were inclined to depart from Dolleman's analysis and consider whether the original grantees of Lots 21, 23, and 25 could have reasonably expected to receive an implied easement to use the right-of-way, for the reasons that follow we would reject the defendant's arguments that no such reasonable expectation could exist here.

The defendant argues that the original grantees of Lots 21, 23, and 25 could not have reasonably expected to receive an easement over the right-of-way

because Lot 21 fronts Pillsbury Road, a public way, which gave the combined lots "an alternate means of access." According to the defendant, any time "the grantee knows at the time of the conveyance that . . . she has an alternate means of access, and knows that . . . she has the right to utilize that alternate access because it is a public way," as a matter of law the grantee cannot reasonably expect to receive an implied easement over a right-of-way owned by the grantor and used as a boundary in the deed. The defendant's contention, which is not supported by citation to authority, ignores the fact that a "way created by estoppel . . . is not a way by necessity, and the right exists even if there be other ways either public or private leading to the land." Melrose Fish, 52 N.E.3d at 1093 (quotation omitted); see Dolleman, 121 N.H. at 623. The defendant essentially contends that a grantee can never reasonably expect to receive an implied easement based upon estoppel by deed when that easement would not be necessary to access the property. Dolleman refutes this proposition. See Dolleman, 121 N.H. at 623 ("It is of no consequence . . . that the easement is not one of necessity . . . ."). We decline the defendant's invitation to hold, as a matter of law, that a grantee's expectation of receiving an implied easement via estoppel by deed is unreasonable whenever the easement would not be required to access the property. On the undisputed facts of this case, the original grantees could reasonably expect to receive an easement over the right-of-way so that they might have an additional, separate, or preferred means of accessing the lots.

The defendant also argues that the original grantees could not reasonably expect to receive an implied easement because the deed to Lot 29 contains an express easement granting use rights over the right-of-way. The defendant contends that the inclusion of an express easement in the deed for Lot 29 "makes sense" because that Lot did not front Pillsbury Road; thus it required an easement to use the right-of-way. He further contends that the deed to Lots 21, 23, and 25, sold together, did not need an express easement because Lot 21 has frontage on Pillsbury Road, and additionally argues that the original grantees of Lots 21, 23, and 25 "either did or should have discovered the express easement benefitting lot 29 during the[ir] title search." These arguments simply repackage the defendant's earlier assertion that the original grantees of Lots 21, 23, and 25 could not reasonably expect to receive an implied easement to use the right-of-way because, unlike Lot 29, such an easement was not necessary to access Lots 21, 23, and 25. Because implied easements in rights-of-way used as a boundary in a deed and owned by the grantor at the time of conveyance are not based upon necessity, this argument must fail. See Dolleman, 121 N.H. at 623. Furthermore, we fail to see how the inclusion of an express easement in the deed for a different lot would make it unreasonable for the original grantees of Lots 21, 23, and 25 to expect an implied easement. On the undisputed facts, the original grantees could reasonably have concluded that they did not need an express easement to use the right-of-way because they had an implied one. See id.

To summarize, because the 1968 deed to Lots 21, 23, and 25 used the right-of-way as a boundary in describing the lots conveyed, and the grantor

owned the right-of-way at the time of conveyance, an implied easement to use the right-of-way was created.[2]  See id. at 626.  The defendant, being in privity with the original grantor, is estopped by deed from denying the easement's existence. See id.

We next consider the defendant's argument that the trial court erred in declining to consider certain arguments raised for the first time in the defendant's motion for reconsideration.  We review for an unsustainable exercise of discretion a trial court's refusal to entertain new issues on reconsideration on the basis that the issues could have been raised at an earlier time.  Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006).  To meet this standard, the defendant must show that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case.  See id. at 789.

In his motion for reconsideration, the defendant sought leave to argue, for the first time, that the plaintiff had abandoned any implied easement to use the right-of-way, and, in the alternative, that the purpose of any implied easement had been frustrated.  The defendant asserted that he should be permitted to raise these arguments in the context of a motion for reconsideration because, although the plaintiff's partial summary judgment motion contended that the plaintiff had an implied easement over the right-of-way, the plaintiff did not rely upon or even raise estoppel by deed in so arguing. Instead, the plaintiff relied upon the rule set forth in Gagnon v. Moreau, 107 N.H. 507, 509 (1967).  See Gagnon, 107 N.H. at 509 ("It is familiar law that where lots are sold by reference to a recorded plat or plan showing existing or proposed streets which constitute boundaries of the lots, a conveyance ordinarily operates to convey to the grantee the fee simple to land underlying adjoining streets and rights of way to the center line thereof, together with easements to use such rights of way as well as others which do not bound the lot conveyed.").

The trial court denied the defendant's motion for reconsideration.  The court noted that the defendant conceded that the plaintiff claimed entitlement to an implied easement based on the language of the deed in his motion for partial summary judgment.  The court further noted that the defendant's objection cited Dolleman, discussed the legal theory of estoppel by deed, and presented substantive arguments against the application of that theory. Finally, the court emphasized that, "given that [the defendant's] new arguments could have potentially undermined a claim of implied easement based upon the subdivision plan," the defendant had failed to demonstrate why he could not have raised those arguments before the court ruled on the plaintiff's motion for

---

[2] The plaintiff's partial summary judgment motion sought only to establish his right to access the right-of-way from a specific point on Lot 21.  In light of the narrow relief sought by the plaintiff, we need not decide whether Lots 23 and 25, and arguably Lot 27, which do not have frontage on Pillsbury Road, would have any type of easement independent of Lot 21.

partial summary judgment.

On appeal, the defendant argues that the court unsustainably exercised its discretion in declining to consider his abandonment and frustration of purpose arguments on reconsideration. He argues that it was not readily apparent that he should argue those issues in his objection to the plaintiff's motion for partial summary judgment because "the theory argued by [the plaintiff] in seeking partial summary judgment does not support the existence of an easement."

To the extent the defendant argues that the rule of Gagnon cannot support the existence of an easement, the defendant is incorrect. See Gagnon, 107 N.H. at 509. Gagnon states that "where lots are sold by reference to a recorded plat or plan showing existing or proposed streets which constitute boundaries of the lots, a conveyance ordinarily operates to convey to the grantee," among other things, "easements to use such rights of way." Id.

Alternatively, the defendant argues that the court unsustainably exercised its discretion because, in the defendant's estimation, the plaintiff was unlikely to secure relief based on the precise legal theories upon which he relied. The defendant fares no better with this argument. We have previously recognized that "[i]t is in the interest of judicial economy to require a party to raise all possible objections at the earliest possible time," especially when an argument raised in a motion for reconsideration was readily apparent to the moving party at the time he initially filed for relief. Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 655 (2000). Here, regardless of whether the plaintiff's motion for partial summary judgment relied upon estoppel by deed or Gagnon, the plaintiff clearly argued he had an implied easement to use the right-of-way. The arguments raised by the defendant at reconsideration, i.e., that any implied easement no longer existed because it had been abandoned or its purpose had been frustrated, did not depend upon the precise legal theory offered by the plaintiff in support of the implied easement's existence. Thus, the bases for the defendant's arguments were apparent at the time he filed his objection to the plaintiff's summary judgment motion.

The defendant further argues that the trial court unsustainably exercised its discretion because, after it ruled that the plaintiff was entitled to an implied easement pursuant to estoppel by deed, "the scope of the issues on summary judgment shifted." He submits that the estoppel by deed issue had not been adequately briefed by the parties prior to the court's ruling. Had the trial court refused to address arguments made by the defendant at reconsideration regarding the applicability of estoppel by deed, we might be inclined to conclude that the court erred in so doing. That is not what occurred, however. The defendant based his abandonment and frustration of purpose arguments upon the assumed existence of an implied easement and contended that, even if an easement once existed, it no longer did. In other words, the defendant did not argue in his reconsideration motion that the court erred in its estoppel by

8

deed analysis.  The defendant's arguments on appeal regarding the sufficiency of the parties' briefing on estoppel by deed in the trial court are not persuasive as to why he should have been permitted to raise new arguments on wholly distinct legal issues.

For these reasons, we cannot say the trial court unsustainably exercised its discretion in declining to consider the defendant's abandonment and frustration of purpose arguments raised for the first time at reconsideration. See Davey, 153 N.H. at 786, 789.  In light of this conclusion, we need not consider the court's alternative ruling that, even if it were to consider the defendant's abandonment and frustration of purpose arguments, they would be unavailing.

Affirmed.

HICKS, BASSETT, and DONOVAN, JJ., concurred.