## PARISH ET AL. *v.* UNITED STATES.

1. A contract made by a surgeon and medical purveyor of a military department of the United States, with parties for furnishing ice, for the use of the sick and wounded in the hospitals of the United States in 1864, was invalid until approved by the Secretary of War. Without such approval the surgeon could not bind the United States in any way.
2. A contract thus approved being executed by the other parties, superseded a previous contract signed by the surgeon, although the latter conformed strictly to proposals made by the parties, and accepted by the surgeon.

APPEAL from the Court of Claims.   The case was thus:

On the 4th of December, 1863, D. L. Magruder, the surgeon and medical purveyor of the military department of the West, acting under instructions of the Surgeon-General of the United States, gave notice that proposals would be received at his office in Louisville, Kentucky, until the 20th of that month, for furnishing ice to all the general hospitals of the United States at the West, including the division of the Mississippi and the Department of the Gulf, in such quantities as might be required, for the use of the sick and wounded, during the year 1864.   Under this notice, Parish & Co., the claimants, submitted proposals which were accepted, and, on the 13th of the same month, a contract was prepared and signed by them and Magruder, by which they were to furnish ice for twenty different places, one of which was New Orleans.   It was understood between the parties that this contract was not to be binding until it should receive the approval of the Surgeon-General, to whom it was forwarded.   It received such approval, and was then despatched by mail to Magruder; but, before reaching him, the approval was reconsidered, and the contract, by order of the Secretary of War, was recalled, and the draft of another contract prepared in its place.   After this draft had reached Magruder, he was directed by the secretary to erase from it the name of New Orleans, as one of the places to be supplied with ice, and have it executed in lieu of the contract originally proposed, and this was done.   The claimants then executed

the instrument, but, in doing so, they protested against the alteration, stating, however, that they would lay all the facts before the officials at Washington, and seek from them redress. But, notwithstanding this protest, they treated the contract thus made as the only one binding upon them, and carried out their obligations under it. They did not deliver, or offer to deliver, any ice at New Orleans.

*Mr. A. L. Merriman, for the appellant; Mr. T. L. Dickey, Assistant Attorney-General, contra.*

Mr. Justice FIELD, after stating the facts, delivered the opinion of the court, as follows:

Upon the facts found by the Court of Claims, it is difficult to perceive upon what ground the contractors can urge any claim for damages against the government. The contract with New Orleans erased, superseded all other proposed contracts. No other had any validity. The action of Magruder, until the approval of the Secretary of War, was merely initiatory to a contract. He could not bind the United States in any way.

If the claimants had any objections to the provisions of the contract they signed, they should have refused to make it. Having made it, and executed it, their mouths are closed against any denial that it superseded all previous arrangements.

The case of *Gilbert & Secor* v. *United States,** is one much stronger than this. There it was insisted that the act of Congress, under which the secretary acted in making a contract with Gilbert & Secor, was itself an acceptance of certain proposals presented by them, and that, taken in connection with the proposals, it constituted a contract binding on the government. The secretary made with the parties a contract requiring, in one particular, different kind of materials from those originally proposed; but this court held that the parties were bound by the contract signed, and could not claim any compensation for the difference in value between the materials used and those proposed.

---

* *Supra,* 358.

But, independent of any consideration respecting the character of the contract, it nowhere appears that the claimants suffered any damages from the supposed injury alleged. They did not offer to deliver any ice at New Orleans, and it is not shown that they secured any for such delivery, or, if they secured any, that they were unable to part with it at prices as remunerative as those they might have obtained at New Orleans.

The appeal is frivolous, and the decree of the court below is                                           AFFIRMED.