## JOHNSTON MFG. CO. v. WILSON THREAD CO.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

No. 1809.

1. **Sales** ⟨key⟩179(4)—**Buyer can recover for defects not discoverable until after acceptance.**

   Notwithstanding the general rule that a buyer, who accepts goods which materially vary from the quality contracted for, waives the variance, if it is so obvious that he has observed it, or could have observed it by reasonable inspection, he can, after acceptance of the goods, claim damages for defects which were not discoverable by ordinary inspection, and of which he had no knowledge when he accepted.

2. **Sales** ⟨key⟩182(4)—**Evidence held to raise jury question whether buyer rejected within reasonable time.**

   Evidence that the defect in yarn was discoverable only on rewinding the yarn, which was not done by the buyer for three months after receiving the goods, *held* sufficient to take to the jury the question whether the buyer used due diligence in inspecting the goods.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Sales ⚫➡417—Evidence held insufficient to show damages from defects in goods sold.**

Evidence that the goods bought by defendant did not conform to sample as required by the contract, but which did not show the quantity which was defective, the price at which it was sold, or the amount returned by subsequent buyers, *held* insufficient to sustain a verdict awarding the buyer damages for the defect.

**4. Sales ⚫➡418(2)—Measure for breach of contract as to quality of goods stated.**

For a breach of contract as to the quality of goods sold, the measure of damages that the buyer may recover is the difference between the actual value of the article sold and of the article delivered, at the time and place of delivery.

**5. Sales ⚫➡418(3)—Agreed price establishes value, in absence of other evidence.**

The agreed price for the sale of a specified article establishes the value of the article sold for the purpose of measuring damages for defective quality, in the absence of other evidence on the subject.

**6. Sales ⚫➡418(9)—Best evidence of value of defective yarn is sale price after due effort.**

The best evidence of the value of defective yarn, to establish the measure of the buyer's damage for the defect, is the price at which the defective article was resold by the buyer after due effort, or, in the absence of such resale, evidence of the quantity defective and the nature of the defects, from which an intelligent conclusion as to the value can be drawn.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Action by the Johnston Manufacturing Company against the Wilson Thread Company to recover the balance due on a contract for the sale of yarn. From a judgment for plaintiff for only the amount due after deducting defendant's claim for damages for defective quality, plaintiff brings error. Reversed.

Charles W. Tillett, of Charlotte, N. C. (Thos. C. Guthrie, of Charlotte, N. C., on the brief), for plaintiff in error.

H. J. Haynsworth, of Greenville, S. C. (C. F. Haynsworth, of Greenville, S. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. Johnston Manufacturing Company brought this action against Wilson Thread Company to recover $3,010.74, the purchase price of 5,282 pounds of yarn furnished under a contract calling for a total of 15,000 pounds of "8/3 carded peeler yarn at 57 cents per pound, * * * color and twist equal sample." The answer thus states the defense:

"That the contract between the plaintiff and the defendant provided that the yarns should be put up in tubes, color and twist equal to sample; that the sample was of that class of yarn known as No. 8 3-ply, smooth and even running first-class; that the yarn delivered this defendant, aggregating 9,732 pounds, was not of the kind called for by the contract, but, on the contrary, it consisted of defective and imperfect yarns, known as seconds, the same tube containing 1-ply, 2-ply and 3-ply yarns, rendering it unfit for the

⚫➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

purposes for which the defendant purchased said yarns, and worth 17 cents per pound less than the yarns which the plaintiff agreed to deliver to the defendant.

"That the said yarns were shipped on tubes wrapped in burlap, so that the condition of said yarns could not be, and was not, discovered until the packages were opened and the yarn unwound and rewound in small balls for reselling by this defendant; that, relying upon plaintiff's contract to furnish even-running first-class 3-ply yarn, this defendant, who was engaged in the business of selling yarns, agreed to resell said yarns to his customers, but most of the yarns which the plaintiff shipped were rejected by defendant's customers, involving the defendant in considerable expense."

The entire claim of the defendant was allowed, and a verdict in favor of the plaintiff was rendered for only $1,443.20. The first question here is: Should a verdict have been directed in favor of the plaintiff for the whole amount claimed?

[1] The contention that the defendant had accepted the yarn after opportunity to inspect and discover the defect was for the jury and not the judge. "The general rule is that, if before acceptance of goods material variance from the quality contracted for is so obvious that the purchaser has observed it, or by ordinary inspection would have observed it, and nevertheless accepted the goods, he will be held to have waived the variance from the quality he was entitled to demand." Supply Co. v. Jones, 87 S. C. 428, 69 S. E. 881; Woods v. Cramer, 34 S. C. 508, 13 S. E. 660; Brooke v. Milling Co., 78 S. C. 200, 58 S. E. 806, 125 Am. St. Rep. 780; Thornton v. Wynn, 12 Wheat. 183, 6 L. Ed. 595; Miller v. Tiffany, 1 Wall. 298, 309, 17 L. Ed. 540; Dewey v. West Fairmount Gas Coal Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179; 23 R. C. L. 263, 264, and cases cited. But if the defect is not discoverable by ordinary inspection and the goods are accepted without knowledge of the defect, the buyer may return them, and afterwards assert a claim for damages for the defect. 23 R. C. L. 265; North Alaska Salmon Co. v. Hobbs, Wall & Co., 159 Cal. 380, 113 Pac. 870, 120 Pac. 27, 35 L. R. A. (N. S.) 504, 509.

[2] Whether the purchaser has had reasonable time for inspection is usually a question of fact for the jury. The evidence on behalf of defendant was to the effect that the yarns were delivered late in November, 1918, to defendant, wound on tubes, in packages about four feet wide, wrapped in burlap; the packages were placed in a warehouse and not opened until late in February, when they were to be used in due course of business; the tubes were then taken out and rewound in small balls for sale and delivery to wholesale merchants in boxes each containing 300 pounds; the difference between the sample and yarn received could not be discovered until so wound off the tubes and rewound into balls. It seems evident that the court could not say as a matter of law that the defendant should have immediately unwound all the tubes to discover whether the plaintiff's representation that they were up to sample was true. The plaintiff could ask nothing more favorable than that the issue of whether the defendant used due diligence in inspection and whether he should have offered to return the yarn be submitted to the jury. On this point there was no exception to the charge.

The evidence on part of plaintiff that the custom of the trade required the return of the goods·if they were not up to sample was not contradicted, but it was very vague, and certainly did not prove a custom that goods must always be taken from their packages, immediately examined, and returned if not up to sample.

[3] The strongest ground urged here against defendant's claim of 17 cents a pound allowed for failure of the yarn to come up to sample is the very unsatisfactory testimony as to the quantity of the defective yarn, and the entire absence of testimony as to the price for which it was sold or the resulting loss. Kerr Wilson, who was the head of defendant's business, and upon whose evidence the defense chiefly depends, testified: He wound some of it, used some, and the rest went to waste; he,had to take back some of the goods; the very first were the only ones that he took back; he used or sold practically every pound of the yarn—some as waste, and some was rewound and sold in due course of·business; he had to sell some of it at 25 cents a pound; hundreds of the tubes were like the yarn exhibited as seconds; he wound a great deal of it as 8/3; he could not tell what amount he had lost on the yarn; had no books from which he could tell; half of the lot of yarn complained of was defective; he could not tell how many pounds in the lot complained of was 8/2, nor what percentage was 2-ply, 3-ply and 4-ply; a deduction from the price of 17 cents a pound would be reasonable. There was no evidence of the quantity sold at 25 cents, nor of the price at which defendant sold the remainder of the defective yarn, nor other proof of its market value, nor proof of the quantity returned by customers.

[4] A verdict for substantial damages cannot stand on mere proof of a breach of contract and a. vague estimate by claimant of the damage, when the damage is of such a nature that the amount is susceptible of definite proof, and that proof is in possession of the claimant. For breach of contract as to quality the measure of damages that the buyer may recover is the difference between the actual value of the article sold and the article delivered at the time and place of delivery. Gibbons v. United States, 8 Wall. 269, 19 L. Ed. 453; Parish v. United States, 8 Wall. 489, 19 L. Ed. 472; Id., 100 U. S. 500, 25 L. Ed. 763; Huguenot Mills v. Jempson, 68 S. C. 363, 47 S. E. 687, 102 Am. St. Rep. 673; Ellison v. Johnson, 74 S. C. 202, 54 S. E. 202, 5 L. R. A. (N. S.) 1151; 24 R. C. L. 348, 532.

[5, 6] As there was no other evidence on the subject, the price agreed on will represent the value of the quality of yarn sold to defendant. The best evidence of the value of the defective yarn, a staple article of trade, was the price obtained for it on the market by due effort. The sale by the buyer having been made some time after it received the goods, proof should have been made of the price received by the buyer and of the difference in the market on the date the goods were received by the buyer and the time of the sale by it. 24 R. C. L. §§ 337, 376, 533; note, 42 L. R. A. (N. S.) 671. Having sold the defective yarn, defendant was bound to account to plaintiff for it, by showing what it brought and the intervening change in the market as the best test of its value. If it could not do that,

it should have shown a good reason why, and offered the next best proof—a reasonably accurate description of the nature and extent of the defects, and a statement of the quantity defective, ascertained with such degree of accuracy as would have resulted from reasonable effort, and the opinion of those qualified to judge of the market value of such a product at the time of delivery. The defendant knew he was going to demand of plaintiff a deduction for loss on the yarn, yet he took no steps to ascertain with definiteness the amount that was defective; he kept no account of the persons to whom he sold or the prices obtained; he could not tell whether the market price went up or down; he failed to produce on request the order of Loeb, who had returned some of the yarn, showing the price at which Loeb had bought.

The record discloses no reason for defendant's failure to show the price for which the defective yarn was sold, nor for this failure to show what quantity of yarn was returned to defendant by its customers. Thus it appears that the sole basis of the measure of damages was the loose estimate of defendant's manager expressed without definite knowledge of the quantity of defective yarn or of its market price, or of the price at which he sold, or of the loss on it, and the estimate of another witness based on defendant's statements. We cannot think defendant should have been allowed credit for 17 cents a pound damages on testimony so vague and uncertain. For failure of evidence which it was defendant's duty to furnish, we think the jury should have been instructed to find a verdict for the amount claimed by plaintiff. Doubtless the defendant is entitled to some allowance for defect in the quality of the yarn, and it is to be regretted that it failed to offer proof from which its damage could be justly and definitely ascertained.

Reversed.