## SNYDER v STATE ex FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2905. Decided April 20, 1934

W. J. Mead, Fremont, for plaintiff in error.

John W. Bricker, Columbus, Maurice J. Meyer, Toledo, and Boggs & Chase, Toledo, for defendant in error.

CROW, KLINGER and GUERNSEY, JJ, (3rd Dist) sitting by designation.

**OPINION**

By KLINGER, J.

We will first consider the third assignment of error.

As stated before, Snyder claims that he was not the owner of all the 120 shares of stock, but that he was owner only of 20 shares thereof and that he was pledgee of the remaining 100 shares of said stock. Snyder admits his liability for 20 shares and says that he has paid his 100% double liability thereon. The 100 shares, however, he contends are not his but that he holds the same merely as security for a debt.

It is undisputed that the 100 shares of stock were in Snyder's name and there is no denial that in fact he received it and holds it now as security for a loan, and in the opinion of this court he thereby becomes liable as a stockholder, to the bank's creditors even though he merely holds the stock as security for a debt.

Courts have gone so far as to hold that a person who appears on the books of a bank, as the owner of stock at the time the bank becomes insolvent, is personally liable. Sec 710-70 GC, provides:

"A book shall be provided and kept by every such bank in which shall be entered the name and residence of each stockholder, the number of shares held by each, the time when each person became a stockholder, together with all transfers of stock, stating the time when made, the number of shares and by whom transferred, which book shall be subject to the inspection of the directors, officers and stockholders of the bank at all times during the usual hours of transacting business."

Under this section we conclude that a stockholder whose name appears on the record as the owner, cannot escape liability by pursuing a course different than that provided by statute for making transfers of stock, and where one permits his name to appear on this record required by law to be kept by the bank, he cannot escape liability as a stockholder.

The undisputed evidence in the record shows that this stock was acquired by Snyder on April 1, 1929; that stock certificate Number 607 for 100 shares, was issued in his name and he signed a receipt therefor on the stub of the stock book of the bank, and he continued and appeared, so far as the books and records of the bank are concerned, to be the owner of that stock until after the bank closed. Snyder also accepted all dividends declared on the stock from the time he acquired it on April 1, 1929, and he voted the stock as the owner thereof, by proxy, at all stockholders' meetings. Having held himself out on the records and books of the bank, as the owner of the stock, and having received all dividends thereon and voted said stock as the owner thereof, he is now estopped from claiming that he was only a pledgee thereof under a private agreement he had with F. E. Stewart to whom he claims to have loaned the money for which the stock was pledged as security.

**Section III of Article XIII of the Constitution of Ohio,** provides:

"Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her; except that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. No corporation not organized under the laws of this state, or of the United States, or person, partnership or association shall use the word 'bank', 'banker', or "banking' or words of similar meaning in any foreign language, as a designation or name under which business may be conducted in this state unless such corporation, person, partnership or association shall submit to inspection, examination and regulation as may hereafter be provided by the laws of this state."

**Sec 710-75 GC,** provides:

"Stockholders of banks shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The stockholders in any bank who shall have transferred their shares or registered the transfer thereof within sixty days next before the failure of such bank to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way recourse which such stockholders might otherwise have against those in whose name such shares are registered at the time of such failure. At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders."

See 5 **Ohio Jurisprudence,** page 325, §§45 and 47. 164 U. S. 684. 100 Oh St 51. 75 U. S. 489.

Under these authorities, in the opinion of this court the double liability of a stockholder is a primary liability, and hence

196

none of the defenses interposed in this proceeding by Snyder, would be available.

As to the first and second grounds of error complained of. These same questions were presented to this court in the case of Carlton M. Baumgardner et v Ira J. Fulton, Superintendent of Banks of the State of Ohio, in charge of the liquidation of The Ohio Savings Bank & Trust Company of Toledo, Ohio, Number 2926 in this court, and in that case this court held there was no error in the decision and rulings of the trial court on these questions. See opinion in the case of **Carlton M. Baumgardner et v Ira J. Fulton, Superintendent of Banks, etc., (16 Abs 671)**, Number 2926 in this court.

For the reasons stated, the finding and judgment of the lower court will be affirmed.

CROW, PJ, and GUERNSEY, J, concur.