Carroll
No. 81-333

MILDRED W. KIRKPATRICK

v.

PAUL JONES & a.

May 17, 1982

*Law Office of James R. Patten*, of Ossipee (*Mr. Patten* on the brief and orally), for the plaintiff.

*Cooper, Hall & Walker*, of Wolfeboro (*Robert C. Varney* on the brief and orally), for Kendall Real Estate, Inc.

PER CURIAM. The issue in this case is whether the plaintiff is estopped from asserting that the southern boundary of her property differs from the boundary described in a deed she executed in 1961 to the State of New Hampshire.

In 1961, the State relocated Route 16 in Wakefield, New Hampshire, so that it bisected land which the plaintiff had acquired in 1946. The plaintiff executed a deed, recorded at the Carroll County Registry of Deeds, granting the State the strip of land needed for the highway. The conveyed land was described as being "between land now or formerly of Gilbert Scruton on the South near Station 420 + 50 and land now or formerly of Charles Bancroft on the North. . . . " Station 420 + 50, at line A-B, however, does not mark the southern boundary of the plaintiff's property as it is described in the deed she received in 1946; the deed which the plaintiff received sets her southern boundary farther south than line A-B.

The defendant Kendall Real Estate, Inc. (Kendall) bought land south of the plaintiff's land in 1974 from a third party. Kendall now asserts that when it purchased its land it relied on the incorrect description of the southern boundary contained in the plaintiff's 1961 deed to the State. Consequently, Kendall claims ownership of the disputed acreage. When the plaintiff learned that Kendall was advertising to sell the disputed acreage, she sued to quiet title.

After examining both parties' deeds, the Master (*Charles T. Gallagher*, Esq.) recommended a finding, and the Superior Court

(*Wyman*, J.) decreed, that the plaintiff's property extended south to the stone wall, at line C-D. The master explicitly rejected Kendall's argument that the plaintiff was estopped from claiming land south of the boundary incorrectly described in her 1961 deed to the State. The trial judge, by quieting title in the plaintiff, implicitly reached the same conclusion. Kendall appealed to this court.

The parties stipulated that "the historical boundary between the land of Kendall Real Estate and land of Mildred W. Kirkpatrick as derived from their respective chains of title was as the plaintiff now claims it to be and as the master found it to be. . . . " The sole issue on appeal is whether the plaintiff is estopped from claiming that her southern boundary is other than as described in the 1961 deed. We hold that the plaintiff is not estopped, and affirm the trial court's decision to quiet title in her.

■■ Estoppel requires words or conduct which induce another to act in reliance and to change position. *Rautenberg v. Munnis*, 108 N.H. 20, 23, 226 A.2d 770, 772 (1967); *see Richardson v. Chickering*, 41 N.H. 380, 385 (1860). The plaintiff's 1961 deed stated that she granted land "*between* land . . . on the South near Station 420 + 50 and land . . . on the North near Station 428 + 25." These words conveyed a strip of land; they did not purport to set a southern boundary. Thus, the words could not have "induced" Kendall to act in reliance on them. *See Rautenberg v. Munnis*, 108 N.H. at 23, 226 A.2d at 772.

■ In addition, estoppel by deed is inapplicable to this case because the plaintiff was not in a position to induce reliance. She did not convey land by deed to Kendall, nor did she expressly or impliedly represent that she possessed the title which the deed purported to convey. *See* 5 G. THOMPSON, REAL PROPERTY § 2522, at 510 (Grimes ed. 1979). Furthermore, she did not stand by with any knowledge that Kendall misunderstood the correct location of her southern boundary. *See Richardson v. Chickering*, 41 N.H. at 385–86.

*Affirmed.*

Plaintiff's Property

Plaintiff's Property

A    B    "Station 420+50," as described in 1961 deed (A-B)

Disputed Area

Route 16

D    Historical southern boundary (C-D)

C

Defendant's Property

N