Merrimack
No. 97-631

STUART D. TRACHY & a.

v.

RICHARD LAFRAMBOISE

March 26, 2001

*George A. Stewart*, assistant county attorney, of Concord, on the initial brief and orally and on the supplemental brief, and *Michael Th. Johnson*, county attorney, of Concord, orally, for the plaintiffs.

*Tony F. Soltani*, of Epsom, on the initial brief and orally, and *Ransmeier & Spellman, P.C.*, of Concord (*Charles P. Bauer* and *John T. Alexander* on the supplemental brief, and *Mr. Bauer* orally), for the defendant.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Eugene M. Van Loan, III* on the brief), for New Hampshire Sheriffs' Association, as *amicus curiae*.

DALIANIS, J. The plaintiffs, the commissioners and sheriff of Merrimack County, appeal from rulings by the Superior Court (*Coffey*, J.) on their declaratory judgment petition. We reverse and remand.

The following facts are not disputed. The defendant, Richard LaFramboise, has been a Merrimack County deputy sheriff since 1981. In January 1996, the Merrimack County Sheriff (sheriff) suspended him for one day and assigned him to the night shift for violating various department policies. The defendant formally requested the sheriff to reconsider his decision, which the sheriff declined to do. The defendant then formally requested the Merrimack County Board of Commissioners (commissioners) to review the sheriff's decision. The commissioners declined, stating that the sheriff's disciplinary decisions were not subject to their review.

The plaintiffs petitioned the trial court for a declaration that the commissioners had neither the duty nor authority to review the sheriff's discipline of his deputies and that RSA 28:10-a (2000) did not entitle the defendant to such a review. Both the plaintiffs and the defendant sought summary judgment. The court granted the defendant's motion, ruling that the sheriff's internal policies gave the defendant a right to appeal disciplinary decisions to the commissioners. The court declined to decide whether RSA 28:10-a applied. The plaintiffs appealed.

We remanded the case "for the limited purpose of holding an evidentiary hearing . . . on the issue of whether a deputy sheriff is an 'employee' as that term is used in RSA 28:10-a, I."

Upon remand, the trial court ruled that RSA 28:10-a applies to "any and all employees of Merrimack County and its various institutions." The court found that the defendant was both a Merrimack County employee and an employee of a county institution (the sheriff's office), and thus, under RSA 28:10-a, was entitled to administrative review of the sheriff's disciplinary action.

On appeal, the plaintiffs assert that the trial court erroneously interpreted RSA 28:10-a and the sheriff's internal policies. We agree.

In reviewing the grant of summary judgment, we consider the affidavits and pleadings in the light most favorable to the non-moving party, and if there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm. *See Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781 (1996).

> This court is the final arbiter of the intent of the legislature as expressed in the words of a statute. When construing its meaning[,] we first examine the language found in the statute, and where possible, we ascribe the plain and ordinary meanings to words used. Furthermore, when examining statutory language, we construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result.

*Appeal of Van Lunen*, 145 N.H. 82, 86 (2000) (quotation, brackets and citation omitted).

RSA 28:10-a is part of a statutory scheme governing county commissioners. RSA 28:10 (2000) authorizes the commissioners to employ clerks and agents, and RSA 28:11 (2000) authorizes them to appoint superintendents, officers and employees of the county farm, county nursing home and county department of corrections.

█ RSA 28:10-a, I, states that "[b]efore any *county* may discharge, remove, or suspend an employee as provided in paragraphs II-IV, the county commissioners" must adopt rules and procedures for the "discharge, removal, or suspension of its employees." (Emphasis added.) RSA 28:10-a, II sets forth the permissible grounds for discharge, removal or suspension of an "employee of a county institution," and RSA 28:10-a, III sets forth the procedures relative thereto. RSA 28:10-a, III grants these employees the right to review of the *commissioners'* actions by the county personnel committee. Thus, read in context, RSA 28:10-a applies only to individuals for whom the commissioners are either the hiring or appointing authority, *see* RSA 28:10, :11; RSA 30-B:5 (2000), and to disciplinary actions initiated or approved by the commissioners, *see* RSA 28:10-a, I, II(a), III.

█ In this case, the commissioners neither appointed nor disciplined the defendant. The only role that they appear to have had in the defendant's discipline was to be notified of it after the fact. RSA 28:10-a therefore does not pertain.

█ The defendant argues that he is covered by RSA 28:10-a because he is an employee of a "county institution." We disagree. Within the context of RSA chapter 28, a "county institution" is a county department "under the jurisdiction of the county commissioners," RSA 28:12 (2000), such as the county department of corrections, county farm, county nursing home and county welfare office. *See id.*; *see also* RSA 28:11. The sheriff's office is not "under the jurisdiction" of the commissioners. *See Daniels v. Hanson*, 115

N.H. 445, 451 (1975). In *Daniels*, we recognized that while the county convention, which includes the commissioners, *id.* at 446, sets the budget for the sheriff's department, "[t]he county convention . . . has no other authority over the actual operation of the sheriff's department." *Id.* at 451. With respect to deputy sheriff positions in particular, we held that "the sheriff by virtue of his office has the sole authority to determine who will occupy the deputy sheriff positions . . . and what their functions will be." *Id.* at 452; *see also* RSA 104:27 (1990).

Alternatively, the defendant contends that the sheriff's internal policies granted him a right to review by the commissioners. We disagree.

■ The defendant first asserts that the sheriff's policies were akin to administrative regulations and that the sheriff was thus bound to follow them. The sheriff is an elected official, not an administrative agency. We decline the defendant's invitation to view the sheriff's policies as administrative regulations.

The defendant next asserts that the sheriff's policies equitably estopped him from denying the defendant a right to appeal to the commissioners. There can be no "estoppel" here because the record contains no evidence of detrimental reliance. *See Appeal of Kulacz*, 145 N.H. 113, 116 (2000).

The defendant argues next that due process requires us to interpret the sheriff's policies to afford him a right to appeal to the commissioners. *See* N.H. CONST. pt. I, arts. 2, 15; U.S. CONST. amend. XIV. The defendant does not articulate the nature of his constitutionally protected interest, however. To the extent that the defendant argues that he has a constitutionally protected interest in the appeal process itself, this argument is without merit and warrants no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993). To the extent that the defendant argues that he has either a liberty or property interest in continued employment, this argument is not developed and we decline to devote appellate resources to it. *See State v. Laurent*, 144 N.H. 517, 521 (1999).

■ In support of his position, the defendant relies upon policy no. 32, which sets forth procedures for administering discipline within the sheriff's office. Policy no. 32(J) grants deputies and civilian employees the right to request the sheriff to review disciplinary actions and states that "[a]ny further appeal on the issue must be made pursuant to the Merrimack County Commissioners." This policy, the defendant asserts, by its express language, gave him a right to appeal to the commissioners.

We interpret the policy according to its plain meaning, reading the manual as a whole. *Cf. Keshishian v. CMC Radiologists*, 142 N.H. 168, 177 (1997). The phrase "must be made pursuant to the Merrimack County Commissioners" has no clear meaning and nothing in the record sheds any light on its meaning. Because the phrase is incomprehensible, it does not, on its face, create a right of appeal to the commissioners.

Nor, when read in context, does the policy create such a right. Policy no. 32(J) stands in contrast to policy no. 29, which describes in detail the appeal process for non-disciplinary decisions. Under policy no. 29, any deputy or employee who is aggrieved by a non-disciplinary decision may file a written grievance with the sheriff within five working days of the occurrence giving rise to the grievance. Within five working days of his receipt of the grievance, the sheriff will schedule a meeting with the employee to discuss the grievance. The employee will receive written affirmation or denial of the grievance within five working days. If dissatisfied with the sheriff's response, the employee may appeal, in writing, to the commissioners. The appeal must be submitted within five calendar days of the written response from the sheriff. The commissioners may schedule a hearing and must render a decision in writing within five calendar days of any such hearing. Had the sheriff intended policy no. 32 to afford deputies a similar right to appeal disciplinary matters, he would have used language comparable to that in policy no. 29.

The dissent finds that policy no. 32(J) created an enforceable contractual right to appeal to the commissioners. This was not an issue that the parties have litigated and we believe that the dissent errs by reaching it. "[W]here there is a disputed question of fact as to the existence and terms of a contract it is to be determined by the trier of the facts, provided there is any evidence from which it could be found there was a contract between the parties." *Harrison v. Watson*, 116 N.H. 510, 511 (1976) (quotation omitted). This court may decide factual issues not reached by the trial court only if "the record reveals that a reasonable fact finder necessarily would reach a certain conclusion" enabling us to decide the issue as a matter of law. *Appeal of Cote*, 139 N.H. 575, 580 (1995); *see also Town of Seabrook v. Vachon Management*, 144 N.H. 660, 666 (2000).

In this case, because the parties have not litigated the issue, there is an insufficient factual record upon which this court can conclude that policy no. 32(J) created an enforceable contractual right to appeal to the commissioners. For instance, because the parties have not provided the court with the entire personnel manual, we cannot

determine if it contains a disclaimer and if so, the scope of the disclaimer. *See Butler v. Walker Power*, 137 N.H. 432, 436 (1993). Moreover, we believe it is questionable whether the sheriff, by promulgating policy no. 32(J), could somehow require the commissioners to review his disciplinary decisions. The commissioners are not parties to the "contract" the dissent finds in policy no. 32(J).

The dissent also states that "[o]ne need not establish detrimental reliance to invoke the doctrine of estoppel in the context of contractual rights." We respectfully disagree. "Estoppel requires words or conduct which induce another to act in reliance and to change position," *Kirkpatrick v. Jones*, 122 N.H. 438, 440 (1982), even in the context of estoppel by recitals in instruments. *See Kellison v. McIsaac*, 131 N.H. 675, 682 (1989). In this case, the record is devoid of evidence that the defendant detrimentally relied upon policy no. 32(J) and thus estoppel does not apply.

In light of our opinion, the defendant's motion for attorney's fees is denied.

*Reversed and remanded.*

NADEAU, J., concurred; SMITH, J., superior court justice, specially assigned under RSA 490:3, dissented.

SMITH, J., superior court justice, specially assigned under RSA 490:3, dissenting. When the Merrimack County Sheriff (sheriff) issued an internal policy outlining a deputy sheriff's avenues of recourse following a disciplinary action, it was not without legal effect. The majority, like the plaintiffs, discards policy no. 32(J) and fails to hold the sheriff accountable for the promises contained therein. In doing so, the majority ignores well-settled principles of common law and this court's previous holdings establishing an employee's contractual rights arising from an employer's statements of policy. For these reasons, I respectfully dissent.

Policy no. 32(J) states:

Any member or employee may appeal a decision, action, or recommendation of any Director/Supervisor relating to disciplinary action. Members/Employees wishing to make such an appeal shall follow the process outlined below.

1. The member/employee may request to review and discuss the matter with the High Sheriff. The issue is considered to be formally appealed upon requesting to see the High Sheriff. The High Sheriff shall render a timely decision on the issue. *Any further appeal on the*

*issue must be made pursuant to the Merrimack County Commissioners.*

(Emphasis added.)

The majority devotes its resources to dismantling the legal status of policy no. 32(J). In the end, the majority clarifies nothing, leaving the reader only with a clear view of what the policy is *not*. The majority first "decline[s] the defendant's invitation" to view the policies promulgated by the sheriff as administrative regulations. Next, the majority claims that the defendant failed to establish a due process right in the appeal process itself. In the interest of judicial economy, the majority then declines to devote appellate resources to determine if the defendant possesses a liberty or property interest in continued employment. The majority deems policy no. 32(J) "incomprehensible," compares it unfavorably to policy no. 29 and discards policy no. 32(J) as a nullity.

Interestingly, the majority relies solely upon the case of *Keshishian v. CMC Radiologists*, 142 N.H. 168, 177 (1997), for the legal standard to evaluate the sheriff's policy manual. In *Keshishian,* the court interpreted the parties' respective rights under a partnership agreement. *Id.* Although relying upon a case interpreting a contractual agreement to analyze the policy manual, the majority nonetheless concludes that no right of appeal to the Merrimack County Commissioners exists. This reasoning is flawed for two reasons.

First, it is well-settled in this jurisdiction that policy statements and employment manuals can establish contractual obligations enforceable by the employee against the employer. An employer who unilaterally promulgates a written policy creates an enforceable contractual right. *See Panto v. Moore Business Forms, Inc.*, 130 N.H. 730, 731 (1988). The employee both accepts the offer and provides consideration by continuing to work for the employer. *See id.* at 736. Once an employer outlines the steps for a disciplinary action, the employer must abide by the promised procedures. *See Butler v. Walker Power*, 137 N.H. 432, 436 (1993). *Butler* is akin to the case at bar.

The sheriff promulgated policy no. 32(J). While the majority describes the policy as "incomprehensible," in my view the policy clearly establishes a step-by-step process by which a deputy sheriff is able to exercise his or her rights to dispute a disciplinary action by the sheriff. The appeal process culminates with an appeal to the Merrimack County Commissioners. While the policy could have been drafted more artfully to spell out the actual process the

Merrimack County Commissioners would follow, it does unequivo-cally promise an appeal.

As acceptance of the offer of a disciplinary appeal contained in policy no. 32(J) and as consideration for the promise, the deputy sheriff continued to work for the organization, since "the employee's continuation on the job is the very act by which he accepts the offer." *Panto*, 130 N.H. at 736 (citation omitted). Consequently, the right to an appeal to the Merrimack County Commissioners is an enforceable right — to find otherwise would ignore this jurisdic-tion's prior holdings interpreting the employer and employee relationship. It would also permit the sheriff to void the unilateral contract he formed with his deputy sheriff when he promulgated policy no. 32(J).

Based upon this reasoning, I believe the trial court ruled that "the equitable doctrine of estoppel" bars the sheriff from denying such a right exists. The majority mistakenly interprets the trial court's order as adopting the principle of "equitable estoppel." Rather, the facts and law support a broader use of the ancient legal principal of estoppel. As Lord Coke wrote, "'[I]t is called an estoppel or conclusion, because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth.'" 28 AM. JUR. 2D *Estoppel and Waiver* § 1 (2000) (*quoting* 2 Coke, Littleton 352a). Estoppel is a doctrine that "sounds in equity." *Valencia Energy Company v. Arizona Dept. of Revenue*, 959 P.2d 1256, 1267 (Ariz. 1998).

As applied to the law of contracts, one who enters a contract is estopped from denying the existence of the contract terms. *See Slagg v. Insurance Co.*, 77 U.S. 589, 593 (1870) (party estopped from denying written terms establishing compensation); *Parish v. United States*, 75 U.S. 489, 490 (1869) ("[h]aving made [a contract], and executed it, their mouths are closed against any denial that it superseded all previous arrangements"); *Gress v. Gress*, 209 S.W.2d 1003, 1007 (Tex. Civ. App. 1948) (one is bound by the terms of his own contract until it is set aside or annulled); *see also Barton Savings & Trust Co. v. Bickford*, 122 A. 582, 585 (Vt. 1923).

There are two sorts of what has been termed "estoppel by contract," namely, (1) estoppel to deny the truth of facts agreed upon and settled by force of entering into the contract, and (2) estoppel arising from acts done under or in performance of the contract. The first form of estoppel, if the contract is in writing, is analogous to certain phases of estoppel by deed.

*In re Schofield's Estate*, 73 P.2d 1381, 1383 (Colo. 1937) (quotation omitted).

The sheriff promulgated policy no. 32(J). Within policy no. 32(J), he promised an appeal before the Merrimack County Commissioners. The appeal is an enforceable contract provision. Having opened his mouth and given such a right to a deputy sheriff, the sheriff is estopped from denying the existence of this right of appeal. One need not establish detrimental reliance to invoke the doctrine of estoppel in the context of contractual rights. I would, therefore, uphold the finding of the trial court.