Dover Family Division
No. 2008-705

IN RE KOTEY M.

Argued: January 15, 2009
Opinion Issued: February 18, 2009

*Samdperil & Welsh, PLLC*, of Exeter (*Anna L. Elbroch* and *Richard E. Samdperil* on the brief, and *Ms. Elbroch* orally), for the juvenile.

*Kelly A. Ayotte*, attorney general (*Suzanne M. Gorman*, senior assistant attorney general, on the brief and orally), for the New Hampshire Department of Health and Human Services.

DALIANIS, J. The instant appeal is before the court on interlocutory transfer without ruling. *See* SUP. CT. R. 9. We accept the facts as presented in the interlocutory transfer. *See McDonald v. Town of Effingham Zoning Bd. of Adjustment*, 152 N.H. 171, 172 (2005). The juvenile, Kotey M., was born in June 1997 and is now eleven years old. He was the subject of a petition alleging that he was a child in need of services (CHINS) because of acts he purportedly committed in 2007 and 2008. The juvenile was placed at Pinehaven School by agreement of the parties on a pending delinquency petition. After the delinquency petition was dismissed, the juvenile's placement at Pinehaven School was continued under the CHINS petition. The court appointed an attorney and guardian ad litem to represent the juvenile and scheduled the matter for an adjudicatory hearing. The juvenile's attorney requested a competency evaluation to determine whether the juvenile was competent to have committed the alleged acts, *see* RSA 169-D:18-a (2002), and whether he had sufficient ability to consult with his lawyer with a reasonable degree of understanding and a rational and factual understanding of the proceedings against him. *See State v. Chen*, 148 N.H. 565, 567 (2002); *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Michael Vanaskie, Ph.D., a licensed psychologist, conducted the evaluation. He assessed the juvenile's intellectual abilities through a series of tests and observations. One test suggested that the juvenile had a composite IQ score of 80, and, thus, was below average in intellectual functioning and would require detailed and simplified explanations of issues discussed in court.

Dr. Vanaskie also evaluated how much information the juvenile had about the legal system. Using a test designed for use with adult developmentally disabled criminal defendants, Dr. Vanaskie determined that although the juvenile had some basic understanding of what happens in court, he did not understand the charges against him and could not remember his attorney's name.

Dr. Vanaskie ultimately concluded that although the juvenile was competent to have committed the alleged acts, he was not competent to stand trial because he lacked a sufficient ability to consult with counsel with a reasonable degree of understanding of the proceedings against him and

lacked a rational as well as a factual understanding of the proceedings against him. *See Chen*, 148 N.H. at 567; *Dusky*, 362 U.S. at 402. The parties have accepted these conclusions.

Pursuant to Supreme Court Rule 9, the Dover Family Division (*Roberts*, J.) transferred the following question:

> Do[] Part I, Article 15 of the New Hampshire Constitution and the [D]ue [P]rocess [C]lause of the Fifth and Fourteenth Amendments to the United States Constitution, require that before a juvenile can be adjudicated a CHINS[, he] must . . . have a sufficient ability to consult with his lawyer with a reasonable degree of understanding and have a rational and factual understanding of the proceedings against him?

We respond in the negative and remand.

█ The juvenile argues that the Due Process Clauses of the State and Federal Constitutions require that he be competent to stand trial before he can be adjudicated a CHINS. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV. His competency to stand trial, he asserts, must be evaluated according to the same standard as is used for adult criminal defendants. *See Chen*, 148 N.H. at 567; *Dusky*, 362 U.S. at 402. Competency under this standard, commonly referred to as the *"Dusky* standard," requires that the juvenile have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; and (2) a rational as well as a factual understanding of the proceedings against him. *Chen*, 148 N.H. at 567; *Dusky*, 362 U.S. at 402.

We first address the juvenile's argument under the State Constitution, citing federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231 (1983). The juvenile asserts that because a juvenile in a CHINS proceeding has a right to counsel, he necessarily has a due process right to be deemed competent to stand trial before he is adjudicated a CHINS. As he states: "The right to counsel would be illusory if the child could not participate in his defense or communicate appropriately with counsel."

It is unclear whether the juvenile's argument rests upon his statutory right to counsel or an alleged constitutional right to counsel. To the extent the juvenile bases his argument upon an alleged constitutional right to counsel, we reject it because we have not held that a juvenile in a CHINS proceeding has a constitutional right to counsel and because he has failed to develop an argument establishing one.

██ Although a child in a CHINS proceeding has a *statutory* right to certain protections, such as appointed counsel, *see* RSA 169-D:12 (Supp. 2008), we have not yet addressed whether these protections are constitu-

tionally mandated. *Cf. State v. Westover*, 140 N.H. 375, 376, 378 (1995) (no right to counsel in appeal of misdemeanor convictions that carry no possibility of imprisonment). *But see Bellevue School District v. E.S.*, 199 P.3d 1010, 1011 (Wash. App. Ct. 2009) (due process requires that child in truancy proceeding be afforded counsel). Similarly, while the United States Supreme Court has addressed the constitutional safeguards required in juvenile delinquency proceedings, *see In re Gault*, 387 U.S. 1 (1967), it has not yet addressed whether these same protections must be afforded juveniles in CHINS proceedings. Regarding the safeguards due a juvenile in a juvenile delinquency proceeding, the United States Supreme Court has said:

> We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to juveniles. But the Constitution does not mandate elimination of all differences in the treatment of juveniles. The State has a *parens patriae* interest in preserving and promoting the welfare of the child, which makes a juvenile proceeding fundamentally different from an adult criminal trial.

*Schall v. Martin*, 467 U.S. 253, 263 (1984) (citations and quotation omitted).

To the extent that the juvenile is asking the court in this case to establish a constitutional right to counsel for juveniles in CHINS proceedings, we decline to do so because he has failed to brief this argument sufficiently for our review. To decide whether the State Constitution mandates the appointment of counsel in a given proceeding, we employ the three-prong test articulated by the United States Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *State v. Hall*, 154 N.H. 180, 182 (2006). Because the juvenile "neither cites nor discusses the foregoing three-factor analysis," *State v. Korean Methodist Church of N.H.*, 157 N.H. 254, 258 (2008) (quotation omitted), we consider his argument that he has a constitutional right to counsel in a CHINS proceeding undeveloped and decline to review it.

Even if we were to assume that a juvenile in a CHINS proceeding has a constitutional right to counsel, it would not necessarily follow that due process also would require that he be found competent under the *Dusky* standard before he could be adjudicated a CHINS. We are not aware of any court in the country that has ruled that a juvenile in a CHINS proceeding has a due process right to be deemed competent under the *Dusky* standard before being adjudicated a CHINS. While courts have considered whether a juvenile in a juvenile delinquency proceeding has such a right, *see Golden v. State*, 21 S.W.3d 801, 802-03 (Ark.), *cert. denied*, 531 U.S. 1022 (2000), we are not aware of and the juvenile has not pointed us to any court that has

considered whether a juvenile in a CHINS proceeding has such a right. Those courts that have addressed the issue are divided as to whether the *Dusky* standard or some other standard of adjudicative competence applies to juveniles in delinquency proceedings. *Compare Matter of W.A.F.*, 573 A.2d 1264, 1264-65 (D.C. 1990) (*Dusky* applies to juvenile delinquency defendant), *with In re J.M.*, 769 A.2d 656, 662 (Vt. 2001) (holding that, "in juvenile competency hearings, evaluations of a particular juvenile's competency are to be made with regard to juvenile norms").

Because we have not yet held that a juvenile in a CHINS proceeding has a due process right to counsel and because the juvenile has failed to establish that such a right exists, we necessarily reject his assertion that, to be able to exercise this right, the Due Process Clause of the State Constitution requires that he be adjudged competent before being adjudicated a CHINS. As the United States Supreme Court has also not yet established a due process right to counsel in a CHINS case, we reject his assertion under the Federal Constitution for the same reason.

To the extent that the juvenile argues that his statutory right to counsel would be rendered "illusory" if he were unable to meet the *Dusky* standard of competence, we disagree. The juvenile's statutory right to counsel is not predicated upon the assumption that the juvenile is competent under the *Dusky* standard. Rather, if a juvenile is incompetent under the *Dusky* standard, the court has the inherent authority to appoint a guardian ad litem (GAL) to act as a substitute decision-maker for the juvenile and as a substitute client for the lawyer. *See In re Lisa G.*, 127 N.H. 585, 589-90, 591 (1986). To the extent that the juvenile argues that the appointment of a GAL to act as a substitute decision-maker violates his constitutional rights to due process, he has failed to brief this argument sufficiently to warrant appellate review. *See Trachy v. LaFramboise*, 146 N.H. 178, 181 (2001).

*Remanded.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.