Hillsborough-southern judicial district
No. 2009-013

IN THE MATTER OF DEBORAH A. STAPLETON AND JOSEPH E. STAPLETON

Argued: October 8, 2009
Opinion Issued: January 29, 2010

*John A. Macoul*, of Salem, by brief and orally, for the petitioner.

*Frasca & Frasca, P.A.*, of Nashua (*Stephen J. Frasca* on the brief and orally), for the respondent.

CONBOY, J. The respondent, Joseph E. Stapleton (husband), appeals an order recommended by a Marital Master (*Love*, M.) and approved by the Superior Court (*Nicolosi*, J.) that awarded the petitioner, Deborah A. Stapleton (wife), forty-five percent of the husband's pension as of the date the divorce petition was filed. We affirm.

The record evidences the following facts. The parties married on January 12, 1985, at which time the husband had been working for the Federal Aviation Administration (FAA) for approximately two and one-half years. The wife filed for divorce on October 24, 2006. On December 2, 2006, the husband retired from his job with the FAA, three years before the mandatory retirement age. In January 2007, the trial court entered a temporary decree awarding the parties equal shares of the husband's monthly pension benefit. In March 2007, the trial court entered a second temporary decree, which provided, in relevant part: "Neither party shall transfer, encumber, hypothecate or in any way deal with any pensions or other tax deferred assets in their respective names, except that Husband shall be entitled to collect his [FAA pension] in the current monthly amount of $5,279.00." The wife filed a motion for reconsideration of this temporary decree, which the trial court denied.

The court held a final hearing on the merits of the wife's divorce petition on October 6, 2008. That day, the parties entered into a partial settlement, agreeing, among other things, that because 263 of the 293 months that the husband worked for the FAA occurred during the parties' marriage, the wife was entitled to forty-five percent of the FAA pension. The parties' agreement specifically stated that the wife's "claim for a credit and

reimbursement of her said percentage [of the FAA pension] during the pendency of this action shall be determined by the Court."

On October 22, 2008, the trial court entered its final divorce decree, which awarded the wife her forty-five percent interest in the FAA pension "retroactive to the filing of the Petition for Divorce," effective immediately. In the decree, the court specifically found that the wife was "entitled to and/or should otherwise receive a credit and reimbursement for 45% of the gross amount of pension payments made to and/or received by the [husband] during the pendency of these proceedings."

The husband moved for reconsideration, contending that the court erred by "modifying" the March 2007 temporary order, which allowed him to collect the entire monthly amount of the FAA pension. The husband maintained that this temporary order awarded him "one hundred percent" of his pension while the parties' divorce action was pending and that the trial court lacked the authority to modify this percentage. In denying this motion, the trial court clarified that its temporary order merely awarded the husband the " 'use' of the entire monthly pension because to do otherwise would have created a financial crisis while this divorce was pending." This appeal followed.

We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree, and we will not overturn the trial court's decision absent an unsustainable exercise of discretion. *In the Matter of Salesky & Salesky*, 157 N.H. 698, 708 (2008). If the court's findings can reasonably be made on the evidence presented, they will stand. *Id.*

The husband argues that the trial court lacked the authority to reverse the order it made eighteen months earlier awarding him one hundred percent of his pension pending a final decree. While he acknowledges that a trial court has the power to reverse itself at any time prior to final judgment, he argues that this doctrine applies only when the trial court reverses itself to correct an error. Because, he contends, the trial court did not reverse its temporary order "on a belief that it had committed error," this principle does not apply.

■ The husband's argument is based upon a faulty premise. Contrary to his assertions, the trial court did not divide his pension in its March 2007 temporary order, awarding him all and his wife none of it. Instead, as the court explained, it allowed him to retain his monthly income while the parties' divorce action was pending. But even if the husband's premise were correct, "[t]here can be no question of the inherent power of the Court to

review its own proceedings to correct error *or prevent injustice.*" *Merrimack Valley Wood Prods. v. Near*, 152 N.H. 192, 203 (2005) (quotation omitted; emphasis added).

■ To the extent that the husband argues, in the alternative, that the trial court lacked the inherent authority that other courts possess to revise their own orders to prevent injustice because the court's authority in a divorce action is "strictly statutory," *Daine v. Daine*, 157 N.H. 426, 427 (2008) (quotation omitted), he is mistaken. The fact that a proceeding is governed by statute, or that a court's jurisdiction is limited by statute, does not necessarily negate a court's inherent authority. *See In re Kotey M.*, 158 N.H. 358, 362 (2009) (court has inherent authority in child in need of services proceeding to appoint guardian ad litem for juvenile); *Emerson v. Town of Stratford*, 139 N.H. 629, 631 (1995) (even though district court is not constitutional court and does not have general grant of equitable power, it has limited inherent equitable power to impose sanctions that is not dependent on specific statutory grant; inherent power to impose sanctions stems from court's necessary power to control proceedings before it); *State v. Martina*, 135 N.H. 111, 115-16 (1991) (courts at all levels, including those with limited jurisdiction, have inherent criminal contempt authority); *State v. Gagne*, 129 N.H. 93, 96-97 (1986) (district courts possess inherent authority to order competency evaluations).

■ To the extent that the husband argues that the specific statutory scheme precludes the trial court's exercise of its inherent authority to revise its own orders to prevent injustice, we disagree. *Cf. Torr v. Dover*, 107 N.H. 501, 502 (1967) (court may not invoke its inherent authority to "enforce equity" by extending statute of limitation within which to file appeal). The statutory scheme implicitly contemplates that a court may issue a permanent order that differs from any temporary order it may have issued. RSA 458:16 (2004) authorizes a trial court to issue any temporary order it deems just upon the filing of a divorce petition and even allows such orders to be issued *ex parte*. It is not until the court conducts a full hearing on the merits, however, that the court actually equitably divides the parties' property. *See* RSA 458:16. It is only "[w]hen a dissolution of a marriage is decreed" that "the court may order an equitable division of property between the parties." RSA 458:16-a, II (2004).

■ The husband next contends that the trial court's decision to make the pension award retroactive to the date on which the wife filed her original petition is an unsustainable exercise of discretion because it is unfair. He argues that the decision is unfair in part because he "reasonably relied"

upon the trial court's temporary order. For the reasons discussed above, we disagree that the husband's reliance upon the temporary order was reasonable.

■ The husband also argues that the trial court's decision to make the pension award retroactive rendered the court's property division inequitable. "RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable." *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 453 (2003) (quotation and ellipsis omitted). Absent special circumstances, the court must make the distribution as equal as possible. *Id.*

"The statute enumerates various factors for the court to consider, such as the length of the marriage, the ability of the parties to provide for their own needs, the needs of the custodial parent, the contribution of each party during the marriage and the value of property contributed by each party." *In the Matter of Crowe & Crowe*, 148 N.H. 218, 221 (2002); *see* RSA 458:16-a, II. Additionally, the court may consider "[a]ny other factor [it] deems relevant" in equitably distributing the parties' assets. RSA 458:16-a, II(o). Based upon our review of the record submitted on appeal, we conclude that the trial court's distribution of property between the parties was not so inequitable as to require reversal. *See Parker v. Parker*, 122 N.H. 658, 663 (1982).

To the extent that the husband's remaining arguments merely reiterate his earlier argument that the trial court lacked authority to modify its temporary order, we do not separately address them. *See Kelsey v. Town of Hanover*, 157 N.H. 632, 638 (2008).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.