# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0579, <u>Bjorn Bruckshaw & a. v. Donald Polasko</u>, the court on November 30, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The plaintiff, Bjorn Bruckshaw, appeals an order of the Superior Court (<u>Leonard</u>, J.) dismissing his RSA 540-A petition against the defendant, Donald Polasko, arguing that the trial court unsustainably exercised its discretion by striking the defendant's default and by vacating its grant of injunctive relief. We affirm.

On February 28, 2022, the plaintiff filed a petition pursuant to RSA 540-A:4 (2021) alleging that the defendant failed to remove dangerous clutter from the leased premises, constituting a violation of his right to quiet enjoyment of the property under RSA 540-A:2 (2021). On March 10, 2022, the court scheduled a March 24, 2022 Webex hearing on the petition. The defendant, who was self-represented, participated in the hearing by telephone, after experiencing difficulty connecting via Webex. During the hearing, the court expressed concern about the number of pending cases between the parties relating to the same property. The court asked the parties to provide documentation regarding the status of the other pending matters and ordered that this matter would be scheduled for an in-person hearing. On May 5, 2022, the court stayed this action until resolution of the related landlord-tenant matters pending in the circuit court.

Although the defendant participated in the March 24 hearing, and expressed his intent to defend the case, the plaintiff, on May 10, 2022, moved for entry of default for the defendant's failure to file a written appearance form. On the same date, the plaintiff filed an "emergency motion to reconsider" the order staying the action, alleging that there were no matters pending in the circuit court that would preclude him from pursuing this case. The plaintiff asked the court to vacate its order staying the matter, to "[i]mmediately grant" him the injunctive relief requested in his petition, and to "[s]chedule without delay a hearing on the merits." On June 7, 2022, in margin orders, the court granted the plaintiff's motion for default and his motion for reconsideration of the stay order, without specifically referring to the prayers for relief, and scheduled the case for a July 5, 2022 in-person hearing on the merits.

At the start of the July 5 hearing, counsel for the plaintiff asserted that, in light of the defendant's default, liability already had been established, and that the only remaining issue was the amount of damages. The court explained to the defendant that he had been defaulted for failing to file an appearance form. The defendant objected, stating that he had appeared by telephone at the March 24 hearing, that he was not aware of the written appearance requirement, and that he contested liability for the alleged RSA 540-A violations. The court stated that "we should get to the merits of the hearing [rather than focusing on] a technicality." The court advised the parties that it would decide whether to strike the default after the hearing.

The court asked the plaintiff to "address liability to see whether there is a [RSA] 540-A [violation]," and then to address damages. Counsel for the plaintiff, after addressing liability, claimed damages of $26,000, or $1,000 per day for the 26 days from the date the defendant received the order vacating the stay until the date of the hearing, plus costs and attorney's fees. In support of his request, counsel referred to the request to "[i]mmediately grant [the plaintiff] the injunctive relief requested in [his] [p]etition," from his motion for reconsideration of the stay order. The court rejected the plaintiff's request to award damages starting June 7, stating that its intent in granting the motion for reconsideration was "to allow this [matter] to go forward on the hearing on the merits."

In its August 31, 2022 order on the merits, the court reiterated that its intent in granting the motion for reconsideration was to vacate the order staying the matter. The court ruled that, to the extent that its order may have granted the plaintiff's request for injunctive relief, the ruling was "done in error and that aspect of the Court's ruling is hereby vacated." On the merits, the court, "[i]n consideration of the testimony of the parties and a review of the exhibits submitted," found that the plaintiff failed to sustain his burden of proof that the defendant willfully violated his right to quiet enjoyment of the property. The court found that the clutter was located "behind, under, and on the side of the residence," and that it was not "in any way impeding the ingress or egress of the property." The court dismissed the plaintiff's petition.

On appeal, the plaintiff argues that the trial court unsustainably exercised its discretion by striking the defendant's default and by vacating its grant of injunctive relief, especially given that the defendant did not file objections to his motions.

We will not disturb a trial court's decision to strike a default absent an unsustainable exercise of discretion or error of law. Lakeview Homeowners Assoc. v. Moulton Constr., 141 N.H. 789, 791 (1997); State v. Lambert, 147 N.H. 295, 296 (2001). In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the trial court's decision. Lambert, 147 N.H. at 296.

The plaintiff has the burden to demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case.  <u>Id</u>.

The trial court has the discretion to review its own proceedings to correct error or prevent injustice, <u>see</u> <u>In the Matter of Stapleton & Stapleton</u>, 159 N.H. 694, 696-97 (2010), and may do so <u>sua</u> <u>sponte</u>, <u>see</u> <u>Merrimack Valley Wood Prods. v. Near</u>, 152 N.H. 192, 202-03 (2005).  Although the defendant did not file an appearance form, he did, in fact, appear telephonically at the remote hearing.  The trial court struck the default, and vacated its grant of injunctive relief, so that it could consider the case on its merits.  In light of our policy in favor of deciding cases on their merits, <u>see</u>, <u>e.g.</u>, <u>Krainewood Shores Ass'n v. Town of Moultonborough</u>, 174 N.H. 103, 111 (2021), we conclude that the record establishes a sufficient, objective basis to sustain the trial court's discretionary decisions, <u>see</u> <u>Lambert</u>, 147 N.H. at 296.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3